360 So.2d 771 (1978)
Charles William PROFFITT, Appellant,
v.
STATE of Florida, Appellee.
No. 52832.
Supreme Court of Florida.
June 29, 1978.
Jack O. Johnson, Public Defender, and W.C. McLain and James R. Wulchak, Asst. Public Defenders, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
This case is here on direct appeal from a denial of post-conviction relief, under our Rule of Criminal Procedure 3.850, without an evidentiary hearing. The appeal is legally frivolous and is therefore dismissed. We recently passed upon the precise issues raised here in Sullivan v. Askew, 348 So.2d 312 (Fla.), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 159 (1977), and in Spenkelink v. State, 350 So.2d 85 (Fla.), cert. denied, 434 U.S. 960, 98 S.Ct. 492, 54 L.Ed.2d 320 (1977).
OVERTON, C.J., and ADKINS, BOYD, ENGLAND and ALDERMAN, JJ., concur.
HATCHETT, J., dissents with an opinion.
HATCHETT, Justice, dissenting.
Appellant has raised in his motion for post-conviction relief several matters which have been previously determined adversely on direct appeal, and therefore are not subject to collateral attack. These matters include the admissibility of evidence, the facial validity of the death penalty statute, and the application of that statute to the particular circumstances of his crime. However, appellant has raised factual allegations, which if proven to be true, would raise serious doubts as to whether the death penalty is being imposed on the basis of constitutionally valid and discernable criteria. In Spenkelink v. State, 350 So.2d 85, 87 (Hatchett, J., concurring specially) (Fla. 1977) I expressed my opinion that a comparison between those Florida cases in which the death penalty has been upheld and those in which the death sentence has been reduced to life imprisonment fails to reveal any regular and predictable pattern based upon the enumerated statutory circumstances. Appellant has made factual allegations which indicate that death is being imposed in a disproportionate fashion on the basis of non-statutory and unconstitutional factors (the race of the victim and the sex of the defendant). Since I believe appellant is entitled to an opportunity to prove these allegations in an evidentiary hearing, I must respectfully dissent.