**Harold Raymond HOOKS et al.,
Plaintiffs-Appellees,**

**Michael E. Provence, Howard Douglas
and Ray Broadhead,
Intervenors-Appellees,**

v.

**Louie L. WAINWRIGHT, Secretary, etc.,
Respondent-Appellant.**

No. 77–3308.

United States Court of Appeals,
Fifth Circuit.

Aug. 24, 1978.

Robert L. Shevin, Atty. Gen., Bernard S. McLendon, Asst. Atty. Gen., William C. Sherrill, Jr., Chief Trial Counsel, Tallahassee, Fla., for respondent-appellant.

Charles H. Livingston, Sarasota, Fla., for Hooks, et al.

John T. Chandler, Henry George White, Fla. Legal Services, Inc., Prison Project, Gainesville, Fla., for Provence, et al.

Before RONEY, RUBIN and VANCE, Circuit Judges.

PER CURIAM:

In 1971, the named plaintiff, relying on 42 U.S.C. § 1983, filed an individual suit and a class action contending that the inmates of Florida's state correctional institutions were unable properly to seek post conviction relief without legal books and services, and attacking the asserted insufficiency of the legal services provided them. On December 6, 1972, the lower court first directed the defendant to file a plan for the "speedy implementation" of legal services sufficient to meet the constitutional mandate of effective inmate access to the courts. Nearly four and a half years later, and before any permanent relief had been ordered, the Supreme Court, in another case, set forth the principles governing inmate access to the courts. *Bounds v. Smith,* 1977, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72. Meanwhile, with federal financial assistance, a program called the Florida Legal Services, Inc. Prison Project began to provide legal services to inmates at three of the larger Florida state prisons. After *Bounds* was decided, the Florida authorities were required to take over the financial support of the Prison Project; to prevent its termination, the trial court issued a preliminary injunction forbidding the defendant Secretary of the Florida Department of Offender Rehabilitation to discontinue that project until the defendant presents, and the court approves, a legal services plan sufficient to meet the requirements of *Bounds.*

The evidence presented to the trial court amply supports its finding that, at the time the injunction was issued, the defendant was not providing the minimum level of legal assistance that is constitutionally required. Indeed, the Prison Project itself serves only about 25 per cent of the state's inmate population.

At such time as the evidence demonstrates that an adequate plan has been implemented at any institution, the trial court should consider approving the plan at that institution, instead of allowing the injunction to remain in force unmodified until all inmates at all institutions are receiving what the Constitution mandates. However, the determination of the services that are needed to meet the *Bounds* standards for the inmates of Florida's institutions, and the approval of a plan that satisfies these criteria with respect to the situation in the State of Florida are matters that must be determined, at least in the first instance, by the trial court.

AFFIRMED.