372 So.2d 1363 (1979)
The Petition of Andrew A. GRAHAM et al., On Behalf of Nine Condemned Men, Petitioners,
v.
STATE of Florida, Respondent.
No. 56947.
Supreme Court of Florida.
June 22, 1979.
*1364 Tobias Simon, Miami, for petitioners.
Jim Smith, Atty. Gen., and Charles Stampelos, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
This petition for the appointment of counsel was filed by eight volunteer attorneys who represent Learie Leo Alford, Gary E. Alvord, Willie Jasper Darden, Clifford Hallman, and Robert Sullivan, each of whom has been sentenced to death and has had his sentence affirmed by the Supreme Court of Florida and the United States Supreme Court.[1] These eight petitioners are joined by Andrew A. Graham and Joan H. Bickerstaff, who represented John A. Spenkelink, executed on May 25, 1979. Petitioners also purport to seek relief for Vernon Ray Cooper and Howard Virgil Lee Douglas, both represented by public defenders, and Charles Proffitt, who is represented by privately retained counsel. Since the filing of this petition, Governor Graham on June 19, 1979, recommended clemency for defendants Learie Leo Alford and Clifford Hallman and signed death warrants for defendants Robert Sullivan and Charles Proffitt.
It is petitioners' contention that because of the uniqueness and finality of the death penalty, the State of Florida should mandate the appointment of counsel for each death row inmate for the purpose of providing legal advice and representation for subsequent collateral relief applications in both state and federal courts and to pay the necessary costs thereof. This request for appointment of counsel and payment of costs is not predicated on any identified meritorious post-conviction grievance.
As admitted by petitioners in oral argument and confirmed by our independent research, no court has determined that there is a constitutional right to the assistance of counsel to aid in the preparation of a petition for post-conviction relief.
For the reasons expressed, we decline to grant the relief requested but note that all of these defendants are represented by counsel and that Florida has made liberal allowance for counsel to be appointed in post-conviction relief proceedings.
Each of these named death row defendants has been through the entire trial and appellate process in the state court system, and each has had his application for review denied at least once by the United States Supreme Court. Further, this Court on its own motion, to ensure compliance with the dictates of the United State Supreme Court's decision in Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), established a procedure whereby the petitioners or their counsel could seek relief under the Gardner decision. We have separately determined in prior proceedings that no Gardner relief is warranted for these defendants. In a number of instances some of these individual defendants have previously sought post-conviction relief and have had their applications denied. The chronological case history of each defendant named in this petition appears in the attached appendix.
The right to counsel in criminal proceedings has substantially evolved in the last forty-seven years. In 1932 the United States Supreme Court, in Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), held that the lack of effective assistance of counsel in a death penalty case was a denial of a fundamental right and, as a consequence, a denial of due process. In 1963 the United States Supreme Court in *1365 Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), held that states were obligated to provide counsel in noncapital as well as capital cases. In 1967 in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the Court required counsel in juvenile proceedings, and in 1972, in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the Court held that counsel was necessary for a petit offense prosecution whenever imprisonment could be imposed.
The United States Supreme Court has, however, rejected the mandatory requirement of counsel in all parole revocation proceedings, Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and expressly held in Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), that there is no constitutional right which requires a state to provide counsel to assist a defendant in obtaining discretionary appellate review, including the review of a state supreme court decision by the United States Supreme Court. Petitioners in this cause, however, request that we transcend the Ross decision and mandate the appointment of counsel whenever a defendant is under sentence of death for the purpose of advising him on possible future legal avenues of relief in both state and federal courts and to represent the defendant in those proceedings at state expense.
Clearly, the State of Florida has no obligation to provide counsel or costs in federal proceedings. This state only has an obligation to provide counsel for indigent defendants in its state courts. Neither this court nor an individual judge in the state system could appoint counsel to represent an indigent in the federal court system. Ross v. Moffitt specifically holds that there is no right of free counsel from the state for an appeal to the United States Supreme Court. This does not mean, however, that state-appointed counsel could not continue their representation and seek federal relief. Their professional responsibility may dictate this action, but, in our view, a state court could not mandate this action.
These defendants do have a means to obtain counsel in the federal courts because the federal system provides for attorney representation under the Federal Criminal Justice Act, 18 U.S.C. § 3006A(g) (1976), which in its relevant portion reads: "Any person ... seeking relief under section 2241, 2254 or 2255 ... may be furnished representation ... whenever the United States magistrate or the court determines that the interests of justice so require... ."
We recognize that we have the authority to appoint counsel for representation in the state court system. Historically, Florida was one of the first jurisdictions in this country after Gideon to provide a state public defender system to represent indigent defendants[2] and to adopt a broad omnibus post-conviction relief procedure.[3] This Court has specifically held that although there is no absolute right to counsel in post-conviction relief proceedings, the Court before which the proceedings are pending must determine the need for counsel and resolve any doubts in favor of the appointment of counsel for the defendant. In Hooks v. State, 253 So.2d 424, 426 (Fla. 1971), this Court in an opinion by Mr. Justice Adkins specifically held:
The question in each proceeding of this nature before this Court should be whether, under the circumstances, the assistance of counsel is essential to accomplish a fair and thorough presentation of the petitioner's claims. Of course, doubts should be resolved in favor of the indigent petitioner when a question of the need for counsel is presented. Each case must be decided in the light of the Fifth Amendment due process requirements... .
*1366 See State v. Weeks, 166 So.2d 892 (Fla. 1964). The adversary nature of the proceeding, its complexity, the need for an evidentiary hearing, or the need for substantial legal research are all important elements which may require the appointment of counsel. This appointment authority is discretionary, with any doubts being resolved in favor of an indigent defendant. There is no absolute duty to appoint counsel for an indigent defendant in a post-conviction relief proceeding unless the application on its face reflects a colorable or justiciable issue or a meritorious grievance. The court has the authority to summarily deny relief without appointment of counsel when the petition and record reflect it is without merit. Illustrations of the circumstances which warrant summary consideration are those that concern an issue that was or could have been raised in the initial appeal or were the subject of prior post-conviction proceedings or concern a legal issue clearly governed by existing case law or court rule. To warrant summary dismissal, the files and records must conclusively show that the applicant is not entitled to relief. See State v. Weeks, 166 So.2d 892 (Fla. 1964).
Simple procedures to seek post-conviction relief and the means to have assistance and advice in preparing post-conviction relief petitions are available to these defendants. This Court has adopted a model form for use in motions for post-conviction relief pursuant to our Rule of Criminal Procedure 3.850. This form, designated as Rule of Criminal Procedure 3.987, is substantially similar to that now used in the federal system and is available to inmates in the state prison system.
The Florida state prison at Raiford where the named inmates are located provides through Florida Legal Services, Inc. a legal counseling service for assistance in filing contemplated state and federal post-conviction relief applications. Admittedly, this service does not constitute an individually appointed counsel for future unknown legal remedies, but it does provide a means of legal assistance in the initial preparation of post-conviction relief petitions. This program meets the test of Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), and has been specifically approved by the Fifth Circuit Court of Appeals in Hooks v. Wainwright, 578 F.2d 1102 (1978).
We are cognizant of the ABA Criminal Justice Standards 5-4.2, 22-3.1, 22-4.3 (1979), as well as National Advisory Commission on Standards and Goals for Criminal Justice, Corrections 2.2; National Conference of Commissioners of Uniform State Laws (NCCUSL), Model Public Defender Act § 2(b)(3); NCCUSL, Uniform Rules of Criminal Procedure 641(b); and National Legal Aid and Defender Association, National Study Commission 1.1. Our system appears to conform substantially with these standards. A majority of states do provide for the appointment of counsel in post-conviction relief proceedings either by statute or court rule. None, however, require an appointment of counsel prior to a claim for relief being filed.[4]
We reject petitioners' assertion that, because of the uniqueness and finality of the death penalty, we must appoint counsel for each death row inmate for legal advice and future collateral relief in state and federal courts.
It is our opinion and we so hold that there is no constitutional requirement for the appointment of individual counsel for an application for post-conviction relief until a colorable or justiciable issue or meritorious grievance prima facially appears in the appellant's petition.
The record in this cause reflects that each named death penalty defendant is represented by counsel and that he has not only been provided with representation at trial and on appeal but counsel has also represented him on the discretionary review by the United States Supreme Court. Further, defendants Darden, Sullivan, and Proffitt have sought various types of post-conviction relief. [See chronology attached at Appendix I.]
*1367 The record reflects that each of these named defendants has had multiple days in court, and we fail to find any constitutional deprivation of counsel in any respect. The petition and the motion for stays of execution are denied.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.

APPENDIX

1. Alvord, Gary E., No. 45,542
 Convicted  April 4, 1974
 Sentenced  April 9, 1974
 Florida Supreme Court appeal decided  September 17,
 1975 (322 So.2d 533) (judgment and sentence
 affirmed)
 Florida Supreme Court rehearing denied  December 15,
 1975
 U.S. Supreme Court stay entered  January 26, 1976
 U.S. Supreme Court certiorari denied  July 6, 1976
 (428 U.S. 923) (Brennan and Marshall, J.J.,
 dissenting)
 U.S. Supreme Court rehearing denied  October 4, 1976
 (429 U.S. 874)
 Gardner order  May 6, 1977
 Gardner response  May 12, 1977
 Gardner relief denied  February 22, 1978 (no
 application for relief filed)
 Sullivan v. Askew, No. 51,276 (Alford and Alvord
 also were petitioners)
 Complaint dismissed  March 17, 1977
 Stay denied by trial court  March 17, 1977
 Florida Supreme Court stay denied  March 22, 1977
 Florida Supreme Court appeal decided  June 30, 1977
 (348 So.2d 312) (trial court ruling affirmed)
 Florida Supreme Court rehearing denied  July 26,
 1977
 Florida Supreme Court stay granted  July 26, 1977
 (30 days)
 U.S. Supreme Court certiorari denied  October 3,
 1977 (434 U.S. 878)
2. Cooper, Vernon Ray, No. 45,966
 Convicted  June 21, 1974
 Sentenced  July 1, 1974
 Florida Supreme Court appeal decided  July 8, 1976
 (336 So.2d 1133) (judgment and sentence affirmed)
 Florida Supreme Court rehearing denied  September
 28, 1976
 Florida Supreme Court stay granted  September 28,
 1976 (30 days)
 U.S. Supreme Court stay granted  October 26, 1976
 U.S. Supreme Court certiorari denied  May 16, 1977
 (431 U.S. 925) (Brennan and Marshall, J.J.,
 dissenting)
 U.S. Supreme Court rehearing denied  (431 U.S. 925)
 Gardner order  May 6, 1977
 Gardner response  May 18, 1977
 Gardner relief denied  January 11, 1979 (no
 application for relief filed)
3. Darden, Willie Jasper, Nos. 45,056; 45,108
 Convicted  January 19, 1974
 Sentenced  January 23, 1974
 Florida Supreme Court appeal decided  February 18,
 1976 (329 So.2d 287) (judgment and sentence
 affirmed)
 Florida Supreme Court rehearing denied  April 19,
 1976
 Florida Supreme Court stay granted  April 19, 1976
 U.S. Supreme Court stay granted  May 14, 1976
 U.S. Supreme Court certiorari granted  November 1,
 1976 (429 U.S. 917);
 U.S. Supreme Court certiorari dismissed  April 19,
 1977 (430 U.S. 704) (Brennen and Marshall, J.J.,
 dissenting)
 Gardner order  May 6, 1977
 Gardner response  May 16, 1977
 Gardner relief denied  December 19, 1978 (no
 application for relief filed)
 Fla.R.Crim.P. 3.850 motion denied by trial court 
 May 21, 1979
 Florida Supreme Court rule 3.850 appeal decided  May
 22, 1979 (trial court ruling affirmed)
 Darden v. Graham, No. 56,877
 Complaint dismissed by trial court  May 16, 1979
 Florida Supreme Court appeal decided  May 21, 1979
 (stay denied, oral argument
*1368 denied, trial court ruling affirmed)
 Florida Supreme Court rehearing denied  May 30, 1979
4. Douglas, Howard Virgil Lee, No. 44,864
 Convicted  September 28, 1973
 Sentenced  December 4, 1973
 Florida Supreme Court appeal decided  February 18,
 1976 (328 So.2d 18) (judgment and sentence
 affirmed)
 Florida Supreme Court rehearing denied  March 12,
 1976
 Florida Supreme Court stay granted  March 12, 1976
 (30 days)
 U.S. Supreme Court stay granted  April 12, 1976
 U.S. Supreme Court certiorari denied  October 4,
 1976 (429 U.S. 871) (Brennan and Marshall, J.J.,
 dissenting)
 U.S. Supreme Court rehearing denied  January 10,
 1977 (429 U.S. 1055)
 Gardner order  May 6, 1977
 Gardner response  May 19, 1977
 Gardner relief denied  March 2, 1978 (no
 application for relief filed)
5. Henry, James Dupree, No. 46,105
 Convicted  June 26, 1974
 Sentenced  June 26, 1974
 Florida Supreme Court appeal decided  February 2,
 1976 (328 So.2d 430) (judgment and sentence
 affirmed)
 Florida Supreme Court rehearing denied  April 21,
 1976
 U.S. Supreme Court stay entered  May 26, 1976
 U.S. Supreme Court certiorari denied  November 8,
 1976 (429 U.S. 951) (Brennan and Marshall, J.J.,
 dissenting)
 U.S. Supreme Court rehearing denied  February 22,
 1977 (429 U.S. 1124)
 Gardner order  May 6, 1977
 Gardner response  June 6, 1977
 Gardner relief denied  January 30, 1978
 (application for relief found to be without merit)
 Florida Supreme Court rehearing denied  December 5,
 1978
 Florida Supreme Court stay granted  December 5, 1978
 U.S. Supreme Court stay denied  December 12, 1978
 (Powell)
 Petition for U.S. Supreme Court certiorari filed 
 May 4, 1979
6. Proffitt, Charles W., No. 45,541
 Convicted  March 13, 1974
 Sentenced  March 21, 1974
 Florida Supreme Court appeal decided  May 28, 1975
 (315 So.2d 461)
 Florida Supreme Court rehearing denied  August 13,
 1975
 Florida Supreme Court stay granted  August 13, 1975
 (30 days)
 U.S. Supreme Court stay granted  August 29, 1975
 U.S. Supreme Court certiorari granted  January 22,
 1976
 U.S. Supreme Court opinion  July 2, 1976 (428 U.S. 242)
 U.S. Supreme Court rehearing denied  October 4, 1976
 (429 U.S. 875)
 Gardner order  May 6, 1977
 Gardner response  May 20, 1977
 Gardner relief denied  February 27, 1978 (no
 application for relief filed)
 Trial court denial of Fla.R.Crim.P. 3.850 relief 
 September 19, 1977
 Florida Supreme Court rule 3.850 appeal dismissed 
 June 29, 1978 (360 So.2d 771)
 Florida Supreme Court stay denied  July 12, 1978
 U.S. Supreme Court certiorari petition dismissed on
 petitioner's motion  October 20, 1978 (99 S.Ct.
 294)
 Trial court denial of Fla.R.Crim.P. 3.850 relief 
 June 21, 1979
 Florida Supreme Court rule 3.850 appeal pending
7. Sullivan, Robert A., No. 44,750
 Convicted  November 8, 1973
 Sentenced  November 12, 1973
 Florida Supreme Court appeal decided  November 27,
 1974 (303 So.2d 632) (judgment and sentence
 affirmed)
 Florida Supreme Court rehearing denied  (no petition
 for rehearing filed)
 Florida Supreme Court stay granted  December 9, 1974
 (30 days)
 U.S. Supreme Court stay granted  January 7, 1975
*1369 U.S. Supreme Court certiorari denied  July 6, 1976
 (428 U.S. 911) (Grennan and Marshall, J.J.,
 dissenting)
 U.S. Supreme Court rehearing denied  October 4, 1976
 (429 U.S. 873)
 Gardner order  May 6, 1977
 Gardner response  May 12, 1977
 Gardner relief denied  January 10, 1979 (no
 application for relief filed)
 Trial court denial of Fla.R.Crim.P. 3.850 relief 
 May 9, 1979
 Florida Supreme Court rule 3.850 appeal decided 
 June 22, 1979 (trial court ruling affirmed)
 Sullivan v. Askew, No. 51,276 (Alford and Alvord
 also were petitioners)
 Complaint dismissed  March 17, 1977
 Stay denied by trial court  March 17, 1977
 Florida Supreme Court stay denied  March 22, 1977
 Florida Supreme Court appeal decided  June 30, 1977
 (348 So.2d 312) (trial court ruling affirmed)
 Florida Supreme Court rehearing denied  July 26,
 1977
 Florida Supreme Court stay granted  July 26, 1977
 (30 days)
 U.S. Supreme Court certiorari denied  October 3,
 1977 (434 U.S. 878)

NOTES
[1] The attorneys are Richard Lubin, William Sheppard, Robert A. Harper, Thomas Myers, Robert Grizzard, Charles Carlton, Roy Black, and Tobias Simon.
[2] A public defender system was initially authorized by legislation adopted by chapter 63-409, Laws of Florida (1963).
[3] This Court adopted Rule of Criminal Procedure 1 on April 1, 1963, In re Criminal Procedure Rule 1, 151 So.2d 634 (Fla. 1963), only fourteen days after Gideon was rendered, as predecessor to our current Rule of Criminal Procedure 3.850.
[4] Note, Discretionary Appointment of Counsel at Post-Conviction Proceedings, 8 U.Ga.L.Rev. 434 (1974).