DANAHY, Judge.
The appellant appeals a second denial by the trial judge of the appellant’s motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. For the reasons expressed below, we reverse and remand for further hearing.
The appellant, who is indigent, was convicted of several offenses and appealed his convictions to this court. This court affirmed. Thereafter the appellant filed a pro se motion under rule 3.850 for postcon-viction relief. The trial judge denied the motion and an appeal to this court followed.
This court issued an opinion finding that of the four points raised in the appellant’s motion, there was possible merit in the point that the appellant was denied effective assistance of counsel because his trial counsel failed to comply with the appellant’s request that he subpoena a particular witness. 428 So.2d 703. The court noted that the trial judge had failed to conduct an evidentiary hearing on the rule 3.850 motion or to attach portions of the record which refute the appellant’s allegation. The court specifically found that the trial judge was correct in denying the appellant's motion as to the other points raised therein.
This court, therefore, reversed in part the trial judge’s denial of the appellant’s motion and remanded the case for further consideration pursuant to our mandate. The court directed that the trial judge either again deny the motion as to that one point and attach to his order those portions of the record which conclusively show that the defendant is not entitled to relief, or hold an evidentiary hearing and then rule on the point raised in the motion.
On remand from this court, the trial judge held a hearing at which the appellant was present but not represented by counsel although an assistant public defender was present as “standby defense counsel.” The proceedings at the hearing are reflected in a three-page transcript. Neither the appellant nor the state offered any evidence on the issue which the trial judge was to determine; that is, the one possibly meritorious point which this court had previously found to be stated in the appellant’s 3.850 motion.
The appellant asserts on this appeal that he should have been afforded counsel and that the hearing was simply inadequate. We agree. The Supreme Court of Florida has specifically held that although there is no absolute right to counsel in postconviction relief proceedings, the court before which the proceedings are pending must determine the need for counsel and resolve any doubts in favor of the appointment of counsel for the defendant. Graham v. State, 372 So.2d 1363 (Fla.1979). In that case the court quoted the following language from an earlier opinion:
The question in each proceeding of this nature before this Court should be whether, under the circumstances, the assistance of counsel is essential to accomplish a fair and thorough presentation of the petitioner’s claims. Of course, doubts should be resolved in favor of the indigent petitioner when a question of the need for counsel is presented. Each case must be decided in the light of the Fifth Amendment due process requirements.
Id. at 1365.
The court went on to say that the adversary nature of the proceeding, its complexity, the need for an evidentiary hearing, or the need for substantial legal research, are all important elements which may require the appointment of counsel. The court commented that there is no right to counsel unless the application for post-conviction relief reflects on its face a color-able or justiciable issue or meritorious grievance. In the instant case, this court *1155 has previously held that the appellant has presented one point which may have merit. Thus it is appropriate to consider whether, in the light of due process requirements of fairness, counsel should have been afforded the appellant for presentation of his claim at the hearing held pursuant to this court’s mandate. We believe that the adversary nature of the proceeding, its complexity, and the need for an evidentiary hearing, require the appointment of counsel in this case. We agree with the appellant that he did not effectively waive his right to counsel. Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983).
Accordingly, we reverse and remand with directions that a further hearing be held on the appellant’s 3.850 motion, limited to the one point found by this court to have possible merit, and at which the appellant is afforded counsel.
REVERSED and REMANDED.
BOARDMAN, A.C.J., and SCHOON-OVER, J., concur.