PER CURIAM.
The sole issue on appeal is whether the trial court abused its discretion in failing to appoint counsel to represent the defendant in a 3.850 post-conviction proceeding. The defendant’s motion contained an assertion of ineffective assistance of counsel, resulting from appointed trial counsel’s failure to raise ,the defense of voluntary intoxication in defendant’s first-degree murder trial. We have reviewed the record and, in view of the specific facts involved, we believe this case satisfies the elements set out in Graham v. State, 372 So.2d 1363 (Fla.1979), requiring the appointment of counsel for the 3.850 hearing. See also Halpin v. State, 448 So.2d 1153 (Fla. 2d DCA 1984).
Accordingly, we reverse and remand with directions that a further hearing be held on the defendant’s 3.850 motion, limited to the one point noted in this opinion, and at which the defendant is to be afforded court-appointed counsel.
REVERSED AND REMANDED.
HURLEY and DELL, JJ., concur.
LETTS, J., dissents without opinion.