484 So.2d 595 (1985)
Ivory FERRELL, Petitioner,
v.
Randall R. MUSIC, Superintendent Glades Correctional Institution, and Jim Smith, Attorney General, State of Florida, Respondents.
No. 85-1682.
District Court of Appeal of Florida, Fourth District.
November 6, 1985.
Ivory Ferrell, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Lee Rosenthal, Asst. Atty. Gen., West Palm Beach, for respondents.
GLICKSTEIN, Judge.
This is a prisoner's petition for writ of habeas corpus whose object is to appeal belatedly the trial court's denial of his post-conviction relief motion. The Florida Supreme Court has recognized the use of such writ in cases where the state has failed to afford the petitioner the necessary incidents of an appeal. Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969). We grant the petition.
Petitioner was charged with robbery, and is currently serving a twelve year term, with a three year mandatory minimum, because of a sentence rendered September 13, 1984, upon a plea bargain. Petitioner sought post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, on a theory of ineffective assistance of counsel and involuntary plea of guilty. His motion was denied January 2, 1985, but petitioner claims he did not receive the order denying his motion until July 9, 1985. He submits an affidavit to this effect, and a copy of the envelope, bearing a July 9, 1985, postmark, in which the copy of the order allegedly was mailed. Respondents, the attorney general and the superintendent of the Glades Correctional Institution, where petition is confined, say they do not know when the order was mailed because there is no record of the *596 mailing. Their response proceeds to argue the merits of the appeal, rather than the grounds for the petition.
The issue is whether petitioner, who belatedly received a copy of the order denying his motion for post-conviction relief, should be granted his petition for writ of habeas corpus for the purpose of belatedly appealing the motion denial. We conclude he should.
Florida Rule of Criminal Procedure 3.850 provides that a denial of a motion for post-conviction relief may be appealed in the manner in which a final judgment on a habeas petition would be appealed. The rule also requires all orders denying such motions to inform the movant of his right to appeal within thirty days of the order's rendition. The prisoner is to be promptly served with a copy of the order, and a dated certificate of service is also required.
It is obvious here that petitioner could not timely appeal the denial of his post-conviction relief motion if he received a copy of the order seven months after rendition. Lack of an appropriate certificate of service with the date of service shown thereon should in our view, be taken to corroborate petitioner's allegation and sworn affidavit.[1]
WALDEN and BARKETT, JJ., concur.
NOTES
[1] In his motion to strike portions of the state's response, petitioner states he did not intend to incorporate his appeal of the denial of his motion in his petition for writ of habeas corpus. Petitioner gives his arguments in support of his appeal, however, and the state gives its arguments in support of the denial of his 3.850 motion.

The order denying the motion is accompanied by a portion of the record which shows that the trial court had adequately checked whether the guilty plea was voluntary and intelligent and whether counsel had adequately advised the defendant. No evidentiary hearing is required when the motion and attached transcript conclusively show the movant is not entitled to relief. Likewise, petitioner is wrong in his contention he was entitled to appointed counsel for the rule 3.850 proceedings, as his motion does not on its face reflect a colorable or justiciable issue or a meritorious grievance. Graham v. State, 372 So.2d 1363 (Fla. 1979).