PER CURIAM.
Petitioner seeks a belated appeal of the order denying his rule 3.850 motion for post-conviction relief, issued on May 13,1997. To his sworn petition, he attached documentary evidence showing that he received no legal mail between May 13 and June 13, 1997, other than one piece of mail from the office of the state attorney, which the respondent concedes was a copy of the state’s amended response to his motion. In response to his inquiry, Petitioner finally received a copy of the order of denial in mail postmarked September 15, 1997, and filed his petition with this court on September 29. Nevertheless, the respondent contends this court should not grant the belated appeal until Petitioner furnishes documentary evidence showing that he filed a notice of appeal of the order of denial within thirty days of the date he received the order.
There is no such requirement in rule 9.140(j), Florida Rules of Appellate Procedure, the rule governing belated appeals. Filing a notice of appeal after the time for doing so has expired would have been a useless act. Appellant has demonstrated his entitlement to belated appeal, see, e.g., Hildebrand v. Singletary, 666 So.2d 274 (Fla. 4th DCA 1996); Nava v. State, 652 So.2d 1264 (Fla. 4th DCA 1995); Ferrell v. Music, 484 So.2d 595 (Fla. 4th DCA 1985), and he filed his petition for such relief well within the two-year time period provided by Florida Rule of Appellate Procedure 9.140(j)(3)(A).
Accordingly, we grant the requested relief. This court’s opinion and mandate shall be filed with the lower tribunal and treated as the notice of appeal. See Fla. R.App. P. 9.140(j)(5)(D).
GUNTHER, WARNER and FARMER, JJ., concur.