PER CURIAM.
Aaron L. Martin, Jr., filed a notice with this court challenging an order entered by the trial court denying his application/request for a public defender. Mr. Martin was convicted and sentenced in 1990 for four grand thefts and a fifth charge of obtaining property by fraud. He committed these offenses on different days in 1989. As a result, he received five sen *142 tences of ten years’ incarceration as a habitual offender. Some or all of these sentences were imposed consecutively.
Since 1990 he has filed numerous challenges to his judgments and sentences in the trial court. This court has issued eighteen decisions in prior appeals relating to those judgments and sentences.[1] In the most recent case, we affirmed an order of the trial court that enjoined him from filing additional pro se proceedings. See Martin v. State, 967 So.2d 915 (Fla. 2d DCA 2007) (table decision); see generally Pettway v. McNeil, No. SC07-2012, 2008 WL 2130286, 987 So.2d 20 (Fla. May 22, 2008) (discussing sanctions for abuse of postconviction procedures).
Now Mr. Martin has filed an affidavit of indigency in the trial court and a request for appointment of the public defender as counsel. The trial court denied the motion, and Mr. Martin filed his challenge with this court. We conclude that the notice should be treated as a petition for writ of mandamus seeking to compel the trial court to appoint counsel in light of Mr. Martin’s undisputed indigency status. We deny the petition.
Prisoners have no constitutional right to counsel in most postconviction proceedings. See Graham v. State, 372 So.2d 1363 (Fla.1979). Mr. Martin’s application contains nothing suggesting that he has any exceptional right to counsel at this time. The fact that Mr. Martin has abused the process and, as a sanction, is no longer entitled to file pro se petitions does not elevate his status or expand his right to counsel. He still has no right to counsel, and the trial court was not required to appoint counsel in this context.
The petition for writ of mandamus is denied.
ALTENBERND, SILBERMAN, and LaROSE, JJ., Concur.

. Martin v. State, 967 So.2d 915 (Fla. 2d DCA 2007) (table decision); 936 So.2d 573 (Fla. 2d DCA 2006) (table decision); 895 So.2d 419 (Fla. 2d DCA 2004) (table decision); 880 So.2d 1226 (Fla. 2d DCA 2004) (table decision); 843 So.2d 271 (Fla. 2d DCA 2003) (table decision); 791 So.2d 471 (Fla. 2d DCA 2001) (table decision); 787 So.2d 60 (Fla. 2d DCA 2001) (table decision); 782 So.2d 877 (Fla. 2d DCA 2001) (table decision); 769 So.2d 379 (Fla. 2d DCA 2000) (table decision); 743 So.2d 1089 (Fla. 2d DCA 1999) (table decision); 727 So.2d 925 (Fla. 2d DCA 1998) (table decision); 717 So.2d 1014 (Fla. 2d DCA 1998) (table decision); 686 So.2d 591 (Fla. 2d DCA 1996) (table decision); 667 So.2d 783 (Fla. 2d DCA 1995) (table decision); 656 So.2d 1284 (Fla. 2d DCA 1995) (table decision); 614 So.2d 509 (Fla. 2d DCA 1993) (table decision); 600 So.2d 1114 (Fla. 2d DCA 1992) (table decision); 586 So.2d 1063 (Fla. 2d DCA 1991) (table decision).