998 So.2d 676 (2009)
Silas HAVARD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3691.
District Court of Appeal of Florida, Fourth District.
January 7, 2009.
Silas Havard, Punta Gorda, pro se.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant Silas Havard appeals the trial court's denial of his rule 3.850 motion for postconviction relief, entered following an evidentiary hearing. We reverse because *677 the trial court summarily denied appellant's motion to appoint counsel without conducting the analysis required in Graham v. State, 372 So.2d 1363 (Fla.1979).[1]
As a matter of due process, we must resolve all doubts in favor of the defendant in the appointment of counsel in postconviction proceedings. Id. at 1365-66; Williams v. State, 472 So.2d 738, 740 (Fla.1985). Here, the Graham factors have been met as an adversarial evidentiary hearing was scheduled based upon a colorable claim; the appellant had a fourth grade education; and he was obviously confused and unable to articulate his positions or comply with the correct procedures, including the subpoenaing of witnesses necessary to his allegations. Graham, 372 So.2d at 1366. See also Williams, 472 So.2d at 740 (determining that appointment of counsel is necessary where the defendant's "lack of education and lack of sophistication make clear that he was unable to meet the technical requirements of going forward with the burden of proving his initial allegations, irrespective of the merits of those allegations.").
Reversed and remanded for a new evidentiary hearing after counsel has been appointed to represent appellant.
WARNER, MAY and DAMOORGIAN, JJ., concur.
NOTES
[1] It appears that the court erroneously believed that appellant had not requested a lawyer prior to appearing at the evidentiary hearing. In fact, appellant had filed the motion as soon as the court set the case for evidentiary hearing.