COPE, J.
This is an appeal of an order summarily denying a motion for postconviction relief under Florida Rule of Criminal 3.850. We remand for further proceedings.
Defendant-appellant Gonzalez was convicted of armed burglary and false imprisonment. In point one of his motion, the defendant contends that his trial counsel was ineffective for failing to move for a judgment of acquittal on the ground that the evidence was legally insufficient to *1115 support the proposition that the defendant was armed during the burglary. He asserts that the evidence only supported the charge of unarmed burglary.
The victim testified that his vehicle was stopped by an individual impersonating an FBI agent. He identified the defendant from a photo lineup as the perpetrator, although the victim was unable to make identification at trial. The victim stated that the perpetrator took several items of personal property, plus a fanny pack containing a firearm. Because of the taking of the fanny pack containing the firearm, the defendant was convicted of armed burglary, as opposed to unarmed burglary. The defendant alleges that there was no evidence which would support an inference that the defendant knew what was inside the fanny pack. The defendant asserts that such a motion, if made, would have been successful. See Barrett v. State, 983 So.2d 795, 796 (Fla. 4th DCA 2008).
The State filed a response in the trial court, arguing that the defendant did, in fact, make a motion for judgment of acquittal, which was denied. However, the defendant alleges that this was a boilerplate motion for judgment of acquittal, and that counsel failed to argue the absence of evidence establishing that the defendant knew what was in the fanny pack at the time that he took it. The State’s trial court response cited the transcript pages containing the motion for judgment of acquittal, but the State did not attach it to the trial court response. For present purposes, we must accept the defendant’s characterization that counsel failed to address with specificity the claimed deficiency in proof of the “armed” portion of the armed burglary charge.
The Florida Supreme Court has said that a boilerplate motion for judgment of acquittal is legally insufficient. Woods v. State, 733 So.2d 980, 984-85 (Fla.1999) (“Florida Rule of Criminal Procedure 3.380 requires that a motion for judgment of acquittal ‘fully set forth the grounds on which it is based.’ ”). It follows that the defendant has made “a facially sufficient claim for postconviction relief,” Boykin v. State, 725 So.2d 1203, 1203 (Fla. 2d DCA 1999), and we must remand for further proceedings.
In point three, the defendant argues that his trial counsel was ineffective for failing to object that unadmitted evidence was sent to the jury room. The State responded, and the trial court agreed, that this argument was procedurally barred because it was raised in the defendant’s direct appeal to this court.[1] The State’s argument was misplaced under the circumstances of this case.
In the direct appeal, the defense argued that a document entitled “Miami-Dade Police Department, Doral District, Residential Burglary, Intelligence Bulletin,” was inadvertently admitted into evidence and given to the jury. According to the brief in the defendant’s direct appeal, the Intelligence Bulletin contained inadmissible evidence of other crimes. In response in the direct appeal, the State argued first, that the record was not entirely clear about whether this document did, or did not, go to the jury. The State maintained that testimony from the attorneys and courtroom clerk, or possibly other individuals, would be needed in order to determine what exhibits went to the jury. Second, the State argued that trial counsel had made no objection to any of the trial exhibits, and therefore the issue was not pre *1116 served for appellate review. The State made no other arguments on direct appeal on this issue.
In his Rule 3.850 motion the defendant alleges that the objectionable document went to the jury and that his trial counsel was ineffective for failing to object. This is a facially sufficient claim. See Harris v. State, 826 So.2d 340, 341 (Fla. 2d DCA 2002).
On appeal from a summary denial of a motion for postconviction relief, this court is required to reverse an order denying a facially sufficient claim unless the record shows conclusively that the appellant is not entitled to any relief. Fla. R. App. P. 9.141(b)(2)(D). We, therefore, remand for further consideration of points one and three, or for an evidentiary hearing. If the trial court again summarily denies the motion, it must attach documents conclusively refuting the defendant’s claim.
Reversed and remanded for further proceedings consistent herewith.[2]

. The defendant's appeal was affirmed without opinion. Gonzalez v. State, 981 So.2d 1211 (Fla. 3d DCA 2008).

. In his pro se brief, the defendant has withdrawn point two of the rule 3.850 motion.