ROTHENBERG, J.
 

 Oliver Thomas (“the defendant”) appeals the trial court’s order denying his motion for postconviction relief. We affirm.
 

 On July 14, 2007, the defendant entered an open plea to the court, wherein he pled guilty to the charges in four separate felony cases and no contest in one felony case, resulting on September 24, 2008, in adjudications and concurrent thirty-year sentences to at least eight armed robberies. On May 4, 2009, the defendant filed a motion seeking postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. After conducting an evidentiary hearing, the trial court entered an order denying relief on July 17, 2009.
 

 
 *985
 
 On appeal, the defendant contends that the trial court erred in failing to appoint counsel to assist the defendant at the evi-dentiary hearing. A review of the record, however, reflects that the defendant’s motion was filed pro se, he did not request that a lawyer be appointed to assist him, he did not object to the proceedings below, and the issues he raised in his motion did not require the assistance of counsel. The issues raised revolved around whether the defendant’s plea was a free and voluntary plea. Accordingly, we affirm.
 
 See Graham v. State,
 
 372 So.2d 1363, 1366 (Fla.1979) (holding that there is no duty to appoint counsel in a postconviction proceeding and some of the factors that should be considered are the complexity of the issues raised and the need for substantial research);
 
 Castor v. State,
 
 365 So.2d 701, 703 (Fla.1978) (holding that “[t]he requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings.”).
 

 Affirmed.