SUAREZ, J.
Angel Roberto Gonzalez appeals from the trial court’s second denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. This denial arises out of an evidentiary hearing ordered by this Court after Gonzalez appealed from the first summary denial of his post-conviction motion, but that hearing and the order that followed failed to specifically address issues that this Court deemed significant enough to warrant an evidentiary hearing. Gonzalez v. State, 13 So.3d 1114, 1115 (Fla. 3d DCA 2009). As such, we must reverse and remand for the trial court to make those specific findings.
Gonzalez first argues that the trial court abused its discretion by not appointing counsel to represent him at the evidentiary hearing we ordered in Gonzalez. Gonzalez filed a motion for appointment of counsel in order to assist him at the evidentiary hearing. The trial court, however, failed to rule on Gonzalez’s motion for appointment of counsel. The Florida Supreme Court, in Graham v. State, 372 So.2d 1363 (Fla.1979), explains the factors that a trial court must consider when exercising discretion to appoint post-conviction counsel.[1] The State’s suggestion of harmless error relies on cases where the trial court determined that the issues did not warrant appointment of counsel. Those cases, however, are those in which the trial court actually ruled on the motion. Here, the record does not show that the trial court actually addressed the motion and applied the Graham analysis to the *290 defendant’s motion for appointment of counsel. This is important. The significance of our first remand for evidentiary hearing was based on the defendant’s claim that his trial counsel was ineffective because he failed to argue on motion for judgment of acquittal that Gonzalez was not armed when he committed the burglary. Any doubt about the need for appointed counsel to address this substantive claim should be resolved in the defendant’s favor. See Williams v. State, 472 So.2d 738, 740 (Fla.1985). Therefore, we reverse and remand this issue to the trial court with directions to address and consider the substance of Gonzalez’s motion for appointment of counsel for the post-conviction proceedings we ordered in Gonzalez. See also Martinez v. State, 24 So.3d 733 (Fla. 3d DCA 2009) (finding remand necessary because the trial court failed to consider defendant’s request for appointment of counsel at post-conviction hearing using the factors outlined in Graham).
Gonzalez next argues that the trial court erred by failing to address his post-conviction claim that his trial counsel was ineffective for failing to move for a judgment of acquittal on the ground that the evidence was legally insufficient to support the proposition that the defendant was armed during the burglary. In this Court’s Gonzalez opinion, we remanded for a hearing to address the substance of Gonzalez’s argument that his trial counsel’s motion for judgment of acquittal was boilerplate. At the evidentiary hearing, the trial court did not reach the substance of Gonzalez’s post-conviction issue, and the point of this Court’s opinion that it should have addressed the substance of this claim:
The State’s trial court response cited the transcript pages containing the motion for judgment of acquittal, but the State did not attach it to the trial court response. For present purposes, we must accept the defendant’s characterization that counsel failed to address with specificity the claimed deficiency in proof of the “armed” portion of the armed burglary charge.... The Florida Supreme Court has said that a boilerplate motion for judgment of acquittal is legally insufficient. Woods v. State, 733 So.2d 980, 984-85 (Fla.1999) (“Florida Rule of Criminal Procedure 3.380 requires that a motion for judgment of acquittal ‘fully set forth the grounds on which it is based.’ ”). It follows that the defendant has made “a facially sufficient claim for postconviction relief,” Boykin v. State, 725 So.2d 1203, 1203 (Fla. 2d DCA 1999), and we must remand for further proceedings.
Gonzalez v. State, 13 So.3d at 1115. An examination of the transcript shows that trial counsel made a very general and unspecific motion for judgment of acquittal and did not argue the “armed” portion of the burglary charge.[2] We again remand this issue for further proceedings.
Last, the defendant asserts that he was prejudiced by the mistaken introduction into the jury room of a BOLO flyer previously ruled to be inadmissible Williams[3] rule evidence. We agree with the trial court that this was harmless error, as it was duplicative of other admissible evidence that the jury had before it, and we affirm on this point.
We reverse the order on appeal and remand for further proceedings as to Gon *291 zalez’s points 1 and 2, with instructions to use the Graham factors.to evaluate the defendant’s motion for appointment of counsel in order assist him with his second point on appeal, and to address the. substance of the defendant’s facially sufficient claim of ineffective assistance of counsel on the motion for judgment of acquittal for “armed” burglary.
Affirmed in part, reversed and remanded in part.

. The Graham Court set out four factors to be considered by the trial judge in deciding whether to appoint counsel in collateral proceedings for post-conviction relief. “The adversary nature of the proceeding, its complexity, the need for an evidentiary hearing, or the need for substantial legal research are all important elements which may require the appointment of counsel.” 372 So.2d at 1366. The determination that an evidentiary hearing is necessary in itself implies that three of the four elements are involved. Evidentiary hearings are adversarial in nature, and the rules of evidence and procedure are mystifyingly complex to all but the most sophisticated non-lawyers.

. See also Woods v. State, 733 So.2d 980, 984-85 (Fla.1999) (holding that a boilerplate motion for judgment of acquittal is insufficient). Resolving this issue could have an impact on the defendant’s sentence.

. Williams v. State, 110 So.2d 654 (Fla.1959).