PER CURIAM.
Patrick Maxwell appeals the summary denial of his Florida. Rule of Criminal Procedure 3.850 motion for postconviction relief. After a jury trial, Maxwell was convicted of attempted sexual battery with physical force and a firearm, burglary of a dwelling with an assault or battery with a firearm, robbery with a firearm and a mask, and false imprisonment with a weapon.
*1265 Maxwell alleged three grounds for relief in his motion. However, on appeal, he raises only one issue, which pertains solely to his conviction for the attempted sexual battery.[1] Maxwell argues that his trial counsel was ineffective for failing to request that the court instruct the jury on the independent act instruction set forth in Florida Standard Jury Instruction (Criminal) 3.6(Z). “The ‘independent act’ doctrine arises when one cofelon, who previously participated in a common plan, does not participate in acts committed by his cofelon, ‘which fall outside of, and are foreign to, the common design of the original collaboration.’ ” Ray v. State, 755 So.2d 604, 609 (Fla.2000) (quoting Dell v. State, 661 So.2d 1305, 1306 (Fla. 3d DCA 1995)).
Here, in his motion, Maxwell acknowledged that he and his codefendant had made arrangements to rob the home of the codefendant’s acquaintance. The acquaintance was not home, but his girl-' friend returned during the course of the robbery, and the codefendant then attempted to sexually batter her. Maxwell did not personally attempt to commit the sexual battery and alleged that the attempted sexual battery committed by the codefendant was outside of their original common plan. In summarily denying this ground of the motion, the postconviction court found that the attempted sexual battery was intrinsically related to and arose from the original plan. Therefore, the court concluded that the independent act doctrine was not applicable and there was no basis for counsel to request the independent act instruction.
“To uphold the [postconvietion] court’s summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record.” Foster v. State, 810 So.2d 910, 914 (Fla.2002) (quoting Peede v. State, 748 So.2d 253, 257 (Fla.1999)). Furthermore, because no evidentiary hearing was held, “we must accept the defendant’s factual allegations as true to the extent they are not refuted by the record.” Occhicone v. State, 768 So.2d 1037, 1041 (Fla.2000) (citing Peede, 748 So.2d at 257; Lightbourne v. Dugger, 549 So.2d 1364, 1365 (Fla.1989); Harich v. State, 484 So.2d 1239, 1241 (Fla.1986)).
Our review reveals that Maxwell’s claim is not conclusively refuted by the records attached to the order and is not facially invalid. We therefore reverse the order under review and remand with instructions that the court either attach those portions of the record that conclusively refute this claim or grant an evidentiary hearing.
REVERSED and REMANDED.
TORPY, COHEN, and LAMBERT, JJ., concur.

. Accordingly, the other two issues raised in his motion are deemed abandoned. See Ward v. State, 19 So.3d 1060, 1061 (Fla. 5th DCA 2009) (citing Austin v. State, 968 So.2d 1049, 1049 (Fla. 5th DCA 2007)).