IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

THOMAS WARREN HALSEY,

     Appellant,

 v.

STATE OF FLORIDA,

     Appellee.

_____/

Case No.  5D22-83
LT Case No. 2014-CF-726

Decision filed July 21, 2023

3.850 Appeal from the Circuit Court
for Lake County,
James R. Baxley, Judge.

Thomas Warren Halsey, Lake
Butler, pro se.

Ashley Moody, Attorney General,
Tallahassee, and Alyssa M.
Williams, Assistant Attorney
General, Daytona Beach, for
Appellee.

PER CURIAM.

    AFFIRMED.

WALLIS and MACIVER, JJ., concur.

EISNAUGLE, J., concurs in part and dissents in part, with opinion.

EISNAUGLE, J., concurring in part, dissenting in part.

I conclude that the trial court erred in denying Appellant's motions for appointment of counsel as they relate to one of his claims. I would therefore reverse the postconviction court's denial of Appellant's claim that trial counsel was ineffective for failing to retain a child psychologist to testify at trial. I would otherwise affirm. *See Woodward v. State*, 992 So. 2d 391, 394 (Fla. 1st DCA 2008) (reversing only those claims requiring appointment of counsel).

Florida's courts consider a list of factors when ruling on a motion for appointment of postconviction counsel, including: "the adversary nature of the proceeding, the complexity of the proceeding, the complexity of the claims presented, the defendant's apparent level of intelligence and education, the need for an evidentiary hearing, and the need for substantial legal research." Fla. R. Crim. P. 3.850(f)(7); *see also Graham v. State*, 372 So. 2d 1363, 1366 (Fla. 1979). In *Graham*, our supreme court explained:

> The question in each proceeding of this nature before this Court should be whether, under the circumstances, the assistance of counsel is essential to accomplish a fair and thorough presentation of the petitioner's claims. Of course, doubts should be resolved in favor of the indigent petitioner when a

> question of the need for counsel is presented. Each case must be decided in the light of the Fifth Amendment due process requirements. . . .

*Id.* at 1365 (quoting *Hooks v. State*, 253 So. 2d 424, 426 (Fla. 1971)).

Although "an evidentiary hearing does not automatically require appointment of counsel," when a postconviction court sets an evidentiary hearing, it "*implies* that three of the four elements are *involved*." *Williams v. State*, 472 So. 2d 738, 740 (Fla. 1985) (emphasis added). Thus, while *Williams* does not say that these three factors always establish a movant's right to counsel when an evidentiary hearing is granted, they are certainly in play.

In his motions for appointment of counsel, Appellant alleged, *inter alia*, that (1) he is unfamiliar with the law governing postconviction proceedings and a prison law clerk has drafted all of Appellant's motions, (2) Appellant "is currently being held at a special prison for mentally ill prisoners, and is unable to competently litigate these proceedings," (3) the issues raised in the motion "are complex and require the presentation of expert witnesses . . . [which is] beyond the [Appellant's] ability because of his incarceration," and (4) Appellant is undergoing chemotherapy and is totally blind in his right eye and two-thirds blind in his left eye.

Finally, at the evidentiary hearing, Appellant failed to produce the expert witness needed to prove his claim, and the transcript of the hearing further confirms that Appellant often either did not understand what he needed to prove or that he was substantially ineffective in his cross-examination of the only witness to testify—his trial counsel. *Cf. Williams*, 472 So. 2d at 740 ("Williams failed to produce the kinds of expert witnesses which may have been helpful in proving his claim . . . ."); *Witherspoon v. State*, 634 So. 2d 208, 209 (Fla. 4th DCA 1994) ("[A]n effective cross-examination may have developed that counsel's own problems with the federal government interfered with his representation of appellant.").

I find *Williams* controlling. In short, as in *Williams*, the unique allegations in the motions and Appellant's performance at the evidentiary hearing created substantial doubt about Appellant's ability to fairly litigate his claim without counsel. *See, e.g.*, *Jones v. State*, 324 So. 3d 51, 53–54 (Fla. 5th DCA 2021) ("[T]he [c]ourt before which the proceedings are pending must determine the need for counsel and resolve any doubts in favor of the appointment of counsel for the defendant." (quoting *Graham v. State*, 372 So. 2d 1363, 1365 (Fla. 1979))). I would therefore reverse the postconviction court's denial of this claim and remand for further proceedings.