IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

VINCENT TERRY,

      Appellant,

v.

      Case No.  5D22-1463
      LT Case No. 2018-CF-306

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 11, 2023

3.850 Appeal from the Circuit Court
for Marion County,
Lisa D. Herndon, Judge.

Vincent Terry, Milton, Pro Se

Ashley Moody, Attorney General,
Tallahassee, and Allison L. Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.


BOATWRIGHT, J.

      Vincent Terry appeals the trial court's order denying his nine-ground

Florida Rule of Criminal Procedure 3.850 motion for postconviction relief

following an evidentiary hearing, as well as the court's order denying his motion for appointment of counsel to represent him at the evidentiary hearing. We reverse the portions of the order denying Ground Two, in which Terry asserted his trial counsel was ineffective for failing to object to the imposition of an alleged vindictive sentence, and Ground Eight, wherein Terry asserted his trial counsel was ineffective for failing to advise him of the maximum sentence he faced before he rejected the State's plea offer. We otherwise affirm without elaboration the denial of the remaining grounds of Terry's motion, and we additionally affirm the order denying Terry's motion for appointment of counsel, as the record supports their affirmance.

Although the trial court set all nine grounds of Terry's motion for an evidentiary hearing, the State and the court apparently believed Grounds Two and Eight were conclusively refuted by the record, so the testimony elicited at the evidentiary hearing did not adequately address those grounds. As to Ground Two, the court found, without elaboration, that the record conclusively refuted Terry's claim that his sentence was vindictive, but it did not attach the portions of the record it found to have refuted his claim. As to Ground Eight, the court indicated that Terry's trial counsel had testified about his advice to Terry in connection with the State's plea offer, but none of the testimony cited in the trial court's order addressed Terry's claim that he was not advised of

2

the maximum sentence he faced when he rejected the plea offer. The court's denial of Terry's Ground Eight claim relied exclusively on a citation to an excerpt from a status hearing, but the transcript of that status hearing referenced in the order is neither attached to the order nor is it in our record. There is also no other record evidence or testimony from the evidentiary hearing which would support an affirmance on this ground.

According to Florida Rule of Criminal Procedure 3.850(f)(4), if the "records in the case conclusively show that the defendant is not entitled to relief as to 1 or more claims, the claims that are conclusively refuted shall be summarily denied," and "[a] copy of that portion of the files and records in the case that conclusively shows that the defendant is not entitled to relief . . . shall be attached to the order summarily denying these claims." See also Maxwell v. State, 169 So. 3d 1264, 1265 (Fla. 5th DCA 2015) ("To uphold the [postconviction] court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record." (quoting Foster v. State, 810 So. 2d 910, 914 (Fla. 2002))). As a result, when a trial court summarily denies a rule 3.850 claim and fails to attach a copy of portion of the files and records in the case that conclusively shows that the defendant is not entitled to relief, then the proper remedy is to remand the matter back to the trial court to attach the records that conclusively refute the

defendant's claims or to set the matter for an evidentiary hearing. Id.; Thomas v. State, 306 So. 3d 1260, 1262 (Fla. 5th DCA 2020).

Here, although the court indicated it set a hearing on all nine of Terry's postconviction claims, Grounds Two and Eight were not adequately resolved at that evidentiary hearing. Consequently, the final order effectively constituted a summary denial of those grounds, but it lacked the accompanying record attachments required by rule 3.850. Cf. Gonzalez v. State, 59 So. 3d 288, 290 (Fla. 3d DCA 2011) (remanding for a second evidentiary hearing where it had already been determined that the trial court's record attachments did not conclusively refute the defendant's postconviction claim, and the first evidentiary hearing did not adequately resolve that claim).

We therefore reverse and remand for the trial court to attach the portions of the record supporting its findings that Grounds Two and Eight of Terry's motion were conclusively refuted by the record or to hold an evidentiary hearing on those grounds.

AFFIRMED, in part; REVERSED, in part; and REMANDED.

MAKAR and PRATT, JJ., concur.