# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-2353
LT Case No. 2019-000200-CFMA

_____

GERMAINE WILLIAMS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

3.850 Appeal from the Circuit Court for St. Johns County.
R. Lee Smith, Judge.

Germaine Williams, Indiantown, pro se.

No Appearance for Appellee.

October 31, 2025

LAMBERT, J.

Germaine Williams appeals the postconviction court's final order that summarily denied his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. For the following reasons, we reverse and remand for further proceedings.

I.

Williams was convicted after jury trial of sale of cocaine and unlawful use of a two-way communication device regarding his

transaction with a confidential informant ("CI") who was regularly used by the St. Johns County Sheriff's Office. The trial court sentenced Williams as a Habitual Felony Offender ("HFO") to serve twenty years in prison for the sale of cocaine conviction and to a concurrent five-year prison sentence for his conviction for unlawful use of a two-way communication device.

Williams's convictions and sentences were affirmed on direct appeal without opinion. *Williams v. State*, 305 So. 3d 537 (Fla. 5th DCA 2020).

## II.

Williams timely filed the instant Rule 3.850 motion alleging ineffectiveness of his counsel during trial. Williams first argued that his counsel was ineffective for failing to object to: (1) improper vouching of the credibility of the CI by a law enforcement witness, (2) improper prejudicial testimony from the CI regarding Williams's past criminal behavior of selling or dealing in drugs and the CI's work involving "dangerous people," and (3) an alleged improper comment made by the prosecutor during closing argument. In the second ground of his motion, Williams asserted that his counsel was ineffective for not objecting to a comment made by the trial judge that evidenced the consideration of "impermissible sentencing factors" prior to imposing sentence.

## III.

In the final order denying Williams's Rule 3.850 motion without a hearing, the court first observed that to warrant an evidentiary hearing on an ineffective assistance of trial counsel claim, a defendant must allege sufficient facts establishing the deficient performance and prejudice prongs under *Strickland v. Washington*, 466 U.S. 668 (1984), and not just "general allegations or mere conclusions."

The court then turned to the substance of Williams's motion. In summarily denying the various grounds of the motion, the court found that they lacked merit because, among other things: any error committed by trial counsel was harmless; Williams's guilt

2

was "overwhelming"[1]; the motion only alleged minimal facts; and the case law cited[2] by Williams, which involved comments made during a sentencing by the same trial judge as in the instant case, was distinguishable.

Notably, the postconviction court attached no records to its order summarily denying Williams's Rule 3.850 motion.

IV.

Under Florida Rule of Criminal Procedure 3.850(f)(5), when a legally sufficient motion "can be conclusively resolved either as a matter of law or by reliance upon the records in the case," the motion may be summarily denied; however, "[i]f the denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief shall be attached to the final order." Additionally, we must accept an appellant's "factual allegations as true to the extent they are not refuted by the record." *Smith v. State*, 50 Fla. L. Weekly D2173 (Fla. 1st DCA Oct. 1, 2025) (quoting *Hurst v. State*, 18 So. 3d 975, 997 (Fla. 2009)).

Here, the postconviction court did not deny Williams's ineffective assistance of trial counsel claims as a matter of law. And without any record attachments to the denial order, we have no way of knowing whether, for example, any errors committed by trial counsel were "harmless" or that Williams's guilt was "overwhelming," as described by the court in the order. Stated somewhat differently, without record attachments to the order, we are unable to determine whether Williams's claims for postconviction relief are conclusively refuted by the record.

As we explained in *Terry v. State*, 369 So. 3d 339 (Fla. 5th DCA 2023), "when a trial court summarily denies a rule 3.850 claim and fails to attach a copy of portion of the files and records in the case that conclusively shows that the defendant is not

---

[1] The postconviction judge did not preside over the trial.

[2] *See Smith v. State*, 312 So. 3d 135 (Fla. 5th DCA 2020).

entitled to relief, then the proper remedy is to remand the matter back to the trial court to attach the records that conclusively refute the defendant's claims or set the matter for an evidentiary hearing." *Id.* at 341 (citing *Maxwell v. State*, 169 So. 3d 1264, 1265 (Fla. 5th DCA 2015) (additional citation omitted)). Accordingly, we reverse the denial order and remand for the postconviction court to attach to its order the portions of the record that conclusively refute the claims made by Williams in his motion[3] or to hold an evidentiary hearing.

REVERSED and REMANDED for further proceedings consistent with this opinion.

KILBANE and MACIVER, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

---

[3] On a final note, to the extent that any of Williams's claims could be construed to have been summarily denied by the postconviction court for being insufficiently pleaded, because Williams had not previously amended his motion, he is entitled under Rule 3.850(f)(2) to one opportunity to amend. Therefore, on remand, if the postconviction court finds any claims in the motion to be facially insufficient, Williams should be given sixty days to amend his motion. *Id.*