JOANOS, Judge.
This is an appeal from a denial of a motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. As ground for relief appellant alleged that the trial court erred in failing to appoint counsel to represent him at the evidentiary hearing held on his motion for post-conviction relief. We affirm.
*544 After being charged with first degree murder, appellant entered a negotiated plea of guilty to a charge of second degree murder with a firearm. Following entry of his negotiated plea, appellant was adjudicated guilty of second degree murder and was sentenced to a life term. Appellant’s motion for post-conviction relief alleged essentially that his plea was involuntary because it was entered with appellant’s understanding that his sentence would be three years, but instead he was sentenced to life.
The trial court ordered an evidentiary hearing on appellant’s motion. Appellant was present at the hearing and was afforded an opportunity to examine all witnesses — both those witnesses who appeared on his behalf, and the state’s witnesses. In addition, appellant testified in his own behalf.
We hold that given the circumstances of this case, where the issue was not complex and there was no need for substantial legal research,[1] the trial court did not abuse its discretion in failing to appoint counsel to represent appellant at the evidentiary hearing. Nevertheless, believing the issue to be one of great public importance, we certify the following question to the Florida Supreme Court:
WHEN A TRIAL COURT HAS DETERMINED THAT IT IS NECESSARY TO HOLD AN EVIDENTIARY HEARING ON ALLEGATIONS RAISED IN A MOTION FOR POST-CONVICTION RELIEF, IS COURT-APPOINTED COUNSEL FOR AN INDIGENT DEFENDANT MANDATORY OR IS SUCH APPOINTMENT PROPERLY LEFT TO THE DISCRETION OF THE TRIAL COURT?
AFFIRMED.
SMITH and ZEHMER, JJ., concur.
"The adversary nature of the proceeding, its complexity, the need for an evidentiary hearing, or the need for substantial legal research are all important elements which may require the appointment of counsel.”

. Graham v. State, 372 So.2d 1363, 1366 (Fla.1979)—