472 So.2d 738 (1985)
Sylvester WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 66075.
Supreme Court of Florida.
July 3, 1985.
*739 Sylvester Williams, in pro. per.
Michael E. Allen, Public Defender, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for respondent.
EHRLICH, Justice.
This cause is before the Court for response to a question certified as being of great public importance pursuant to jurisdiction granted in article V, section 3(b)(4), Florida Constitution. The case below is reported at 455 So.2d 543 (Fla. 1st DCA 1984).
Petitioner was charged with first-degree murder, but entered a negotiated plea to second-degree murder with a firearm. He was sentenced to life with a three-year minimum mandatory sentence because of the firearm.
Petitioner later sought post-conviction relief because he had been told he would be sentenced to no more than fifteen years under the bargain. He also claimed that certain medication he was given in jail impaired his ability to understand the plea negotiations and thus vitiated the voluntariness of his plea.
The trial judge ordered an evidentiary hearing on the motion but declined petitioner's request for appointed counsel. The court found that the issues before it were not complex or novel and thus, even though petitioner has only the equivalent of a second-grade education, is at best semi-literate and is totally unsophisticated about court procedures, petitioner was capable of representing himself in the adversarial evidentiary hearing.
On appeal, the First District Court of Appeal affirmed, but certified the issue as being of great public importance.
WHEN A TRIAL COURT HAS DETERMINED THAT IT IS NECESSARY TO HOLD AN EVIDENTIARY HEARING ON ALLEGATIONS RAISED IN A MOTION FOR POST-CONVICTION RELIEF, IS COURT-APPOINTED COUNSEL FOR AN INDIGENT DEFENDANT MANDATORY OR IS SUCH APPOINTMENT PROPERLY LEFT TO *740 THE DISCRETION OF THE TRIAL COURT?
455 So.2d at 544.
We hold that the need for an evidentiary hearing does not automatically require appointment of counsel. Nonetheless, we hold that the trial judge's discretion must be exercised as set forth in Graham v. State, 372 So.2d 1363 (Fla. 1979). Finding that the trial judge here deviated from the teachings of Graham, we quash the decision of the district court and remand to the trial court for a new evidentiary hearing with counsel to be appointed for Williams.
In Graham, this Court set out four factors to be considered by the trial judge in deciding whether to appoint counsel in collateral proceedings for post-conviction relief. "The adversary nature of the proceeding, its complexity, the need for an evidentiary hearing, or the need for substantial legal research are all important elements which may require the appointment of counsel." 372 So.2d at 1366. The determination that an evidentiary hearing is necessary in itself implies that three of the four elements are involved. Evidentiary hearings are adversarial in nature, and the rules of evidence and procedure are mystifyingly complex to all but the most sophisticated non-lawyers. In Graham, we reaffirmed our earlier admonition, enunciated in Hooks v. State, 253 So.2d 424 (Fla. 1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1330, 31 L.Ed.2d 587 (1972), that any doubt about the need for counsel must be resolved in favor of the indigent defendant.
Williams's lack of education and lack of sophistication make clear that he was unable to meet the technical requirements of going forward with the burden of proving his initial allegations, irrespective of the merits of those allegations. The record of the hearing shows that the judge repeatedly had to instruct Williams in examination techniques and to restrain him from testifying himself when he was supposedly questioning witnesses. Williams failed to produce the kinds of expert witnesses which may have been helpful in proving his claim that his plea was affected by drug-induced confusion. On this record and on the face of the pleadings which raised the colorable claim which required an evidentiary hearing, abundant doubt is raised concerning Williams's need for the assistance of counsel. That doubt should have been resolved in his favor.
The decision of the district court is quashed. The cause is remanded to the trial court with instructions that Williams have counsel appointed to assist him and that a new evidentiary hearing be held.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON and SHAW, JJ., concur.
ALDERMAN and McDONALD, JJ., dissent.