499 So.2d 24 (1986)
Alvin DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0516.
District Court of Appeal of Florida, Fourth District.
December 17, 1986.
*25 Frank B. Kessler, Lake Worth, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael W. Baker, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Appellant seeks reversal of an order denying his motion for post-conviction relief from his conviction and sentence for sexual battery with a firearm. He claims the trial court erred when it denied his request for counsel to represent him at the evidentiary hearing on his motion for post-conviction relief. Appellant made his motion for the appointment of counsel immediately prior to the evidentiary hearing. The trial court denied his motion stating, "You are not entitled to an attorney. You didn't ask for me. [sic] I don't believe you need one for this hearing." Appellant claimed in his motion for 3.850 relief that he did not receive effective assistance from his counsel. He claimed that he had an alibi for the crime and that his counsel failed to investigate and interview the witnesses that would have established his alibi defense. Appellant also claimed that his attorney allowed the exclusion of the only black juror from the panel and that he was not allowed to testify on his own behalf.
While we agree with the trial court's conclusion that appellant did not have an automatic right to the appointment of counsel, the discretion to deny his request must be exercised in accordance with Graham v. State, 372 So.2d 1363 (Fla. 1979). In Williams v. State, 472 So.2d 738 (Fla. 1985), the supreme court held:
We hold that the need for an evidentiary hearing does not automatically require appointment of counsel. Nonetheless, we hold that the trial judge's discretion must be exercised as set forth in Graham v. State, 372 So.2d 1363 (Fla. 1979). Finding that the trial judge here deviated from the teachings of Graham, we quash the decision of the district court and remand to the trial court for a new evidentiary hearing with counsel to be appointed for Williams.
In Graham, this Court set out four factors to be considered by the trial judge in deciding whether to appoint counsel in collateral proceedings for post-conviction relief. "The adversary nature of the proceeding, its complexity, the need for an evidentiary hearing, or the need for substantial legal research are all important elements which may require the appointment of counsel." 372 So.2d at 1366. The determination that an evidentiary hearing is necessary in itself implies that three of the four elements are involved. Evidentiary hearings are adversarial in nature, and the rules of evidence and procedure are mystifyingly complex to all but the most sophisticated non-lawyers. In Graham, we reaffirmed our earlier admonition, enunciated in Hooks v. State, 253 So.2d 424 (Fla. 1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1330, 31 L.Ed.2d 587 (1972), that any doubt about the need for *26 counsel must be resolved in favor of the indigent defendant.
Id. at 740.
The supreme court noted in Williams v. State the defendant had only the equivalent of a second grade education and was at best semi-literate and totally unsophisticated concerning court procedures. The record before us does not furnish any information concerning appellant's ability to represent himself in this adversary proceeding. During the proceeding he affirmatively presented his own testimony and that of three alibi witnesses and cross-examined his own attorney and the prosecuting attorney in the hope of demonstrating that he received ineffective assistance of counsel in the underlying trial. Appellant did not present any expert testimony concerning the competency of the defense furnished by his counsel. The record furnishes a sufficient basis for us to conclude that an attorney's cross-examination of defense counsel and of the state attorney may have shown that appellant was entitled to a new trial in accordance with the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Knight v. State, 394 So.2d 997 (Fla. 1981).
Therefore we reverse the trial court's order denying appellant's motion for post-conviction relief and remand this cause to the trial court with directions to grant a new evidentiary hearing on his motion for post-conviction relief and to appoint counsel to assist appellant at the hearing.
REVERSED and REMANDED.
WALDEN and STONE, JJ., concur.