529 So.2d 1129 (1988)
Clifford Wayne GORDON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-910.
District Court of Appeal of Florida, Fifth District.
January 26, 1988.
On Motion for Rehearing June 2, 1988.
Clifford Wayne Gordon, in pro. per.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
On Motion for Rehearing En Banc June 2, 1988.
PER CURIAM.
AFFIRMED.
SHARP, C.J., and DAUKSCH and ORFINGER, JJ., concur.

ON MOTION FOR REHEARING EN BANC
COBB, Judge.
Appellant, Clifford Wayne Gordon, was convicted of second-degree murder (for a traffic homicide while intoxicated). Following his direct appeal,[1] Gordon filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, asserting ineffective assistance of counsel. The trial court set the matter for evidentiary hearing. At the commencement of that hearing, the following colloquy occurred:
MR. BLACK [The Prosecutor]: Your name is Clifford Gordon?
THE DEFENDANT: Yes, sir.
MR. BLACK: Are you represented by an attorney? Do you have a lawyer to represent you?
THE DEFENDANT: No, sir.
MR. BLACK: Your Honor, Mr. Gordon has filed a motion for post conviction relief which is before the Court at this time. He is not represented by counsel.
How does this Court wish to proceed?
THE COURT: There has been no application for appointment of counsel and I don't know  could I appoint counsel under these circumstances?
MR. BLACK: Not to my knowledge. I don't believe he has in this particular State 
THE COURT: All right. Everybody that is going to testify, raise your right hand.
*1130 Thereafter, since Gordon did not know what to do next, the prosecutor proceeded to call two witnesses: the trial defense counsel and the trial prosecutor. There was no cross-examination by Gordon. Not surprisingly, the motion for post-conviction relief was denied.
As we read the foregoing colloquy, the trial judge exercised no discretion in regard to the appointment of counsel for Gordon for the hearing  because he thought he had none. This was error.
In Williams v. State, 472 So.2d 738, 740 (Fla. 1985), the Florida Supreme Court said:
We hold that the need for an evidentiary hearing does not automatically require appointment of counsel. Nonetheless, we hold that the trial judge's discretion must be exercised as set forth in Graham v. State, 372 So.2d 1363 (Fla. 1979)... .
* * * * * *
In Graham, this Court set out four factors to be considered by the trial judge in deciding whether to appoint counsel in collateral proceedings for post-conviction relief. `The adversary nature of the proceeding, its complexity, the need for an evidentiary hearing, or the need for substantial legal research are all important elements which may require the appointment of counsel.' 372 So.2d at 1366. The determination that an evidentiary hearing is necessary in itself implies that three of the four elements are involved. Evidentiary hearings are adversarial in nature, and the rules of evidence and procedure are mystifyingly complex to all but the most sophisticated non-lawyers. In Graham, we reaffirmed our earlier admonition, enunciated in Hooks v. State, 253 So.2d 424 (Fla. 1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1330, 31 L.Ed.2d 587 (1972), that any doubt about the need for counsel must be resolved in favor of the indigent defendant.
Williams's lack of education and lack of sophistication make clear that he was unable to meet the technical requirements of going forward with the burden of proving his initial allegations, irrespective of the merits of those allegations. The record of the hearing shows that the judge repeatedly had to instruct Williams in examination techniques and to restrain him from testifying himself when he was supposedly questioning witnesses. Williams failed to produce the kinds of expert witnesses which may have been helpful in proving his claim that his plea was affected by drug-induced confusion. On this record and on the face of the pleadings which raised the colorable claim which required an evidentiary hearing, abundant doubt is raised concerning Williams's need for the assistance of counsel. That doubt should have been resolved in his favor.
The instant case is analogous to Williams, since the record reveals Gordon's lack of education and lack of sophistication. Gordon's participation in the hearing was limited to his statement that, based on what his lawyer told him, he thought he was going to get five years (instead of life), and that he had a good record since being in prison (which was totally irrelevant to the issue before the court). The record indicates that there was "abundant doubt raised" concerning Gordon's need for the assistance of counsel. There is no doubt that the trial court failed to even consider such an appointment based upon the erroneous advice of the prosecutor at the 3.850 hearing.
Based upon Williams and Graham v. State, 372 So.2d 1363 (Fla. 1979), we quash the trial court's order and remand for a new evidentiary hearing with counsel to be appointed for Gordon.
QUASHED and REMANDED.
SHARP, C.J., and DAUKSCH, ORFINGER, COWART and DANIEL, JJ., concur.
NOTES
[1] See State v. Gordon, 478 So.2d 1063 (Fla. 1985); Gordon v. State, 457 So.2d 1095 (Fla. 5th DCA 1984).