634 So.2d 208 (1994)
Richard WITHERSPOON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0658.
District Court of Appeal of Florida, Fourth District.
March 23, 1994.
*209 Richard L. Jorandby, Public Defender, and Eric M. Cumfer, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sharon A. Wood, Asst. Atty. Gen., West Palm Beach, for appellee.
RAMIREZ, JUAN, JR., Associate Judge.
Appellant, Richard Witherspoon, seeks reversal of an order denying his pro se motion for post-conviction relief from his conviction and sentence for attempted first degree murder, shooting into an occupied vehicle, and aggravated assault with a firearm. We reverse.
Appellant's motion alleged that his counsel was ineffective by refusing to allow him to testify on his own behalf; by not attempting to get him a deal for community control; by not checking phone records to corroborate appellant's alibi; by failing to call witnesses on his behalf; and by not objecting to an erroneous jury instruction on reasonable doubt. In its response to the motion, the State admitted that appellant's allegations would be properly addressed in an evidentiary hearing. The State also pointed out that appellant's trial counsel, Mr. Thomas Rolle, was facing federal criminal charges which limited his availability for the hearing.
The trial court denied appellant's timely request for counsel to represent him at the evidentiary hearing stating he may consider appointing an attorney if he left the matter was sufficiently complex. After holding an evidentiary hearing the trial court denied his motion. In this appeal, Mr. Witherspoon claims trial court erred when it denied his request for appointed counsel.
Although there is no automatic right to have counsel appointed, the trial court's discretion must be exercised in accordance with Graham v. State, 372 So.2d 1363 (Fla. 1979). The four factors that should be weighed by the trial judge when making the decision are: (1) the adversarial nature of the proceedings; (2) its complexity; (3) the need for an evidentiary hearing; and (4) the need for substantial legal research. Id. at 1366. An evidentiary hearing in itself implies the presence of three of the four factors above, and any doubts about the necessity of counsel must be resolved in favor of the defendant. William v. State, 472 So.2d 738, 740 (Fla. 1985).
In arguing that counsel should have been appointed, appellant relies only on his claim that his trial attorney did not call appellant's girlfriend to establish his alibi defense. A review of the record shows that when appellant attempted to cross-examine his former attorney, counsel responded by asking appellant questions and obtaining incriminating information from appellant. These admissions were then used by the State in its argument that the motion should be denied. This role reversal should have indicated to the trial judge that the appellant was not making a fair presentation of his case.
This case is very similar to Davis v. State, 499 So.2d 24, 25 (Fla. 4th DCA 1986), which presented the same issue that his trial attorney did not interview and use alibi witnesses. As in Davis, we have no information as to appellant's education or ability to represent himself in an adversarial proceeding. In neither case did appellant present any expert testimony concerning the competency of the defense furnished by his counsel. Unlike Davis, appellant did not even call his alibi witness to testify at the hearing. Additionally, an effective cross-examination may have developed that counsel's own problems with the federal government interfered with his representation of appellant.
*210 We do not hold that counsel must be appointed for every indigent defendant claiming that his trial attorney failed to interview and use an alibi witness, but given the facts of this case, appellant should have been afforded the assistance of an attorney.
We, therefore, reverse the trial court's denial of appellant's motion for post-conviction relief and remand with instructions to appoint counsel to assist appellant at a new evidentiary hearing.
Appellant further appeals his sentence on his count of aggravated assault with a firearm. The trial court had originally classified the offense as a second degree felony. On appeal, this court held that the trial court misclassified the offense of aggravated assault, and that it was actually a third degree felony under section 784.021(2), Florida Statutes (1991). Witherspoon v. State, 597 So.2d 986 (Fla. 4th DCA 1992). A third degree felony is punishable with up to five years in prison. § 775.082(3)(d), Fla. Stat. (1993). The trial court imposed upon appellant a sentence of twelve years as to each count to run concurrently. This is in excess of the statutory limits.
REVERSED and REMANDED.
GUNTHER and STONE, JJ., concur.