702 So.2d 607 (1997)
Joseph ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4781.
District Court of Appeal of Florida, First District.
December 15, 1997.
*608 Joseph Rogers, Appellant, pro se.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
The trial court denied appellant's motion filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking postconviction relief, following a hearing. On appeal, appellant's sole claim is that the trial court abused its discretion when it denied his request for the appointment of counsel. We agree and, accordingly, reverse.
By an amended motion seeking postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, appellant challenged his conviction and sentence for grand theft, claiming that trial counsel had been ineffective in several regards. Subsequently, appellant requested that counsel be appointed to represent him, citing the principal Florida cases dealing with appointment of counsel in collateral criminal proceedings. He represented that his motion seeking postconviction relief had been prepared by a prison law clerk; that he lacked the legal knowledge to present his claims; and that he did not know how to examine or cross-examine witnesses. A short time later, the trial court set appellant's motion for an evidentiary hearing, and denied his request for counsel. Prior to the hearing, appellant filed a second request for appointment of counsel. In it, he represented that all of the documents that had been filed on his behalf had been prepared by a prison law clerk; that he had only a ninthgrade education; that he had no training in the law; and that he lacked the skills necessary to participate in the scheduled hearing. This motion was also denied.
At the commencement of the evidentiary hearing, it became clear that appellant had no idea how to proceed. In fact, when he conceded as much, the trial court responded, "well, the law requires you to do this yourself." Appellant then attempted to proceed. However, his performance was consistent with what one would expect from a person having no legal training and a ninth-grade education. Among other things, the trial court repeatedly had to explain to appellant the rules regarding examination of witnesses, and to admonish him not to offer his own testimony when he was supposed to be questioning a witness. At the conclusion of the hearing, the trial court denied appellant's motion seeking postconviction relief. This appeal follows.
In Graham v. State, 372 So.2d 1363, 1365 (Fla.1979), the court said "that although there is no absolute right to counsel in postconviction relief proceedings, the Court before which the proceedings are pending must determine the need for counsel and resolve any doubts in favor of the appointment of counsel for the defendant." "The adversary nature of the proceeding, its complexity, the need for an evidentiary hearing, or the need for substantial legal research are all important elements which may require the appointment of counsel." Id. at 1365-66. The court reaffirmed Graham in Williams v. State, 472 So.2d 738 (Fla.1985).
In Williams, the court again noted that whether to appoint counsel in a collateral criminal proceeding is addressed to the sound discretion of the trial court. Id. at 740. However, the trial court must base its decision upon consideration of the factors set out in Grahami.e., whether the proceeding is adversarial in nature; whether the proceeding *609 is complex; whether the proceeding will include an evidentiary hearing; and whether the proceeding will require substantial legal research. Id. The court then pointed out that "[t]he determination that an evidentiary hearing is necessary in itself implies that three of the four elements are involved" because "[e]videntiary hearings are adversarial in nature, and the rules of evidence and procedure are mystifyingly complex to all but the most sophisticated non-lawyers." Id. The court concluded that counsel should have been appointed for Williams based on the following:
Williams's lack of education and lack of sophistication make clear that he was unable to meet the technical requirements of going forward with the burden of proving his initial allegations, irrespective of the merits of those allegations. The record of the hearing shows that the judge repeatedly had to instruct Williams in examination techniques and to restrain him from testifying himself when he was supposedly questioning witnesses. Williams failed to produce the kinds of expert witnesses which may have been helpful in proving his claim that his plea was affected by druginduced confusion. On this record and on the face of the pleadings which raised the colorable claim which required an evidentiary hearing, abundant doubt is raised concerning Williams's need for the assistance of counsel. That doubt should have been resolved in his favor.
Id.
We are unable to perceive any meaningful distinction between the facts in Williams and those revealed by the record in this case. Accordingly, we conclude that the trial court abused its discretion when it denied appellant's request for the appointment of counsel. See also Witherspoon v. State, 634 So.2d 208 (Fla. 4th DCA 1994) (reversing denial of request for appointment of counsel to assist at evidentiary hearing on postconviction motion claiming ineffective assistance of trial counsel).
The orders denying appellant's request for the appointment of counsel and his motion for postconviction relief are reversed, and the case is remanded for further proceedings. On remand, the trial court shall appoint counsel to assist appellant at a new evidentiary hearing.
REVERSED and REMANDED, with directions.
ALLEN and DAVIS, JJ., concur.