711 So.2d 112 (1998)
Eric JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4660.
District Court of Appeal of Florida, First District.
April 27, 1998.
Rehearing Denied June 4, 1998.
*113 Eric Johnson, pro se, Bonifay.
Robert A. Butterworth, Attorney General, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, Judge.
Appellant, Eric Johnson, challenges the circuit court's denial of his 3.850 motion for postconviction relief following an evidentiary hearing. Because the circuit court erred in failing to appoint counsel for Johnson for the evidentiary hearing, we reverse and remand.
In October 1993, Johnson was arrested and charged with armed robbery, attempted armed robbery, first degree murder, and attempted first degree murder. Johnson subsequently pled guilty to attempted robbery, second degree murder, and attempted murder. Johnson timely filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in which he claimed that (1) his plea was unlawfully induced or not made voluntarily, and (2) his trial counsel, Scott Mitchell, was ineffective for failing to interview two of his co-defendants. The circuit court summarily denied Johnson's motion. Johnson appealed and this court affirmed the summary denial of the first claim; however, we reversed the summary denial of the second claim because Johnson's motion was facially sufficient as to that claim. Johnson v. State, 680 So.2d 536 (Fla. 1st DCA 1996). Accordingly, we remanded the case for attachments or an evidentiary hearing.
On remand, Johnson filed a Motion for Appointment of Counsel and a Motion for an Evidentiary Hearing; the circuit court denied the former and granted the latter. During the evidentiary hearing, held in August 1996, some confusion arose concerning which of Johnson's four co-defendants his lawyer was allegedly ineffective for failing to interview. Three of the four co-defendants, Charles Bell, Eugene Edwards, and Thomas Thompson, apparently went to trial and received life sentences. Like Johnson, the fourth co-defendant, Thomas McMullen, entered a plea. McMullen entered his plea before Johnson did. Both McMullen and Johnson entered their pleas prior to the trials for Bell and Edwards, whose verdicts were entered on August 11, 1994, but after the trial for Thompson, whose verdict was entered May 5, 1994.
In his 3.850 motion, Johnson alleged his trial counsel was ineffective for failing to interview Edwards and Thompson. When the circuit court asked Johnson about his claim, the following exchange took place:
THE COURT: ... [W]hen you're representing yourself it is incumbent upon you at this time to offer some evidence to prove the allegations which you have set forth in the motion saying that your attorney, one, failed to interview the co-defendants, and, two, that that would constitute ineffective assistance of counsel. What do you have to offer in that regard?
MR. JOHNSON: What do I have to offer?

*114 THE COURT: Yes. You have to offer evidence. You have to prove this. You can say anything that you want, but now you have to prove it. How do you go about proving it?
MR. JOHNSON: Because when I asked him to represent these two co-defendants, he said that they wouldn't be worth it.
THE COURT: He said what?
MR. JOHNSON: It wouldn't be worth it. That they had no need.
THE COURT: Okay.
MR. JOHNSON: Because they was the two main keys in the case. I asked him to represent the two co-defendants.
THE COURT: You asked him to represent them?
MR. JOHNSON: You know, I asked him.
The court asked Johnson if he understood that each of the five co-defendants had a separate lawyer and Johnson indicated that he understood. The court then allowed the State to present the testimony of Johnson's trial counsel, Scott Mitchell.
Mitchell testified that he was appointed to represent Johnson in November 1993. He testified as follows:
Q And did you make a decision as to whether you could interview or depose the co-defendants whose cases were currentlyor were pending at the time that Mr. Johnson entered the plea, that is the co-defendants Edwards and Bell?
A (No response).
Q In other words, did you make a decision as to whether you could interview or depose those defendants?
A Well, both of those individuals, as well as Mr. McMullen, had cases pending at the time.
Mr. McMullen entered a plea shortly before Mr. Johnson. I think it was a matter of weeks before Mr. Johnson. The other two defendants had cases pending. I knew I wasn't going to be able to interview them with cases pending. I had talked to their counsel about the possibility of their cases being worked out where they would be made available. The only one of those that I knew had a chance of working out was Mr. Bell's. That is, aside from Mr. McMullen's. But they all had cases pending when Mr. Johnson entered his plea.
Mitchell testified that because "they," apparently referring to Edwards, Bell, and McMullen, all had cases pending, he could not talk with them. The court asked Mitchell about an attorney's ability to question other co-defendants:
THE COURT: ... Have you ever in your experience in Duval County or other places been aware of an attorney's ability to go talk to and/or depose co-defendants who are represented by other counsel whose cases have not been disposed of?
MR. MITCHELL: It's never done. Not that I'm aware of. And I have certainly never allowed one of my clients to be questioned by another attorney.
The court asked Johnson if he had any questions of Mitchell:
THE COURT: Mr. Johnson, do you want to ask Mr. Mitchell any questions?
MR. JOHNSON: No. But why didn't he represent me to my full interests?
THE COURT: That's not why we are here. We are only here on the question you said that he didn't interview the co-defendants and that, therefore, he was ineffective as your counsel....
MR. JOHNSON: Well, that's when I asked him. Why did he not interview the co-defendants?
THE COURT: Well, he just told you why, if you were listening.
MR. JOHNSON: Sir?
THE COURT: He just told you why, if you were listening.
MR. MITCHELL [sic]: That was way before I took my plea when I asked him that. This was way before that.
The court then concluded, as a matter of fact, that Mitchell had not deposed the co-defendants. The court further concluded that this failure did not rise to the level of ineffective assistance of counsel:
The court finds, one, he did not interview the co-defendants in this case. But it almost seems academic to me, while it may not to others, that it would have been an *115 impossibility or impracticality, to say the least, that Mr. Mitchell could interview co-defendants whose cases were pending and that were represented by other individual counsel. It's ludicrous to think that he should be expected to do so; that that just doesn't happen or it could not happen.
Consequently, I will find that while he did not interview those co-defendants, that his failure to do so obviously did not rise to the level of ineffective assistance of counsel.
In accordance with its ruling at the hearing, the court rendered a written order denying Johnson's motion.
We find that the circuit court erred in failing to appoint counsel for Johnson for this evidentiary hearing. "The adversary nature of the proceeding, its complexity, the need for an evidentiary hearing, or the need for substantial legal research are all important elements which may require the appointment of counsel." Graham v. State, 372 So.2d 1363, 1366 (Fla.1979). "The determination that an evidentiary hearing is necessary in itself implies that three of the four elements are involved." Williams v. State, 472 So.2d 738, 740 (Fla.1985). Nevertheless, "the need for an evidentiary hearing does not automatically require appointment of counsel." Id. Further, "[t]his appointment authority is discretionary, with any doubts being resolved in favor of an indigent defendant." Graham, 372 So.2d at 1366.
In this case, because the circuit court determined that an evidentiary hearing was necessary, the need for substantial legal research constitutes the only other element considered in determining whether appointment of counsel is required. See Williams, 472 So.2d at 740 ("Evidentiary hearings are adversarial in nature, and the rules of evidence and procedure are mystifyingly complex to all but the most sophisticated non-lawyers."). Addressing a claim that the trial court erred in denying petitioner's request for appointed counsel, the Florida Supreme Court in Williams explained that the petitioner had sought postconviction relief claiming he had been told he would be sentenced to no more than 15 years and that medication he had been given in jail rendered his plea involuntary. Id. at 739. The court did not discuss whether this claim involved "the need for substantial legal research." Id. at 740. Nevertheless, the court quashed the district court's decision and remanded the case to the trial court with instructions that petitioner have counsel appointed and a new evidentiary hearing be held. Id. The court explained its decision as follows:
Williams's lack of education and lack of sophistication make clear that he was unable to meet the technical requirements of going forward with the burden of proving his initial allegations, irrespective of the merits of those allegations. The record of the hearing shows that the judge repeatedly had to instruct Williams in examination techniques and to restrain him from testifying himself when he was supposedly questioning witnesses. Williams failed to produce the kinds of expert witnesses which may have been helpful in proving his claim that his plea was affected by drug-induced confusion. On this record and on the face of the pleadings which raised the colorable claim which required an evidentiary hearing, abundant doubt is raised concerning Williams's need for the assistance of counsel. That doubt should have been resolved in his favor.
Id. The Fourth District Court of Appeal reached the same conclusion in at least two cases involving a trial court's denial of appointment of counsel for an evidentiary hearing on a postconviction claim that included alleged ineffective assistance of trial counsel for failure to interview witnesses. See Witherspoon v. State, 634 So.2d 208, 209-10 (Fla. 4th DCA 1994) (holding that trial court erred in denying appointment of counsel where court had no information concerning petitioner's education or ability to represent himself, petitioner presented no expert testimony concerning competency of defense furnished by trial counsel, petitioner did not call alibi witness to testify at hearing, and effective cross-examination may have revealed that counsel's own problems with federal government interfered with his representation of petitioner); Davis v. State, 499 So.2d 24, 26 (Fla. 4th DCA 1986) (finding petitioner entitled to appointment of counsel and *116 new evidentiary hearing where record had no information concerning petitioner's ability to represent himself and, although petitioner presented his own testimony and that of three alibi witnesses and cross-examined his attorney, he did not present any expert testimony concerning the competency of defense furnished by his trial counsel and record indicates that an attorney's cross-examination of counsel may have shown petitioner was entitled to new trial); see also Rogers v. State, 702 So.2d 607, 608 (Fla. 1st DCA 1997) (holding that trial court abused its discretion in denying petitioner's request for counsel in evidentiary hearing where petitioner had requested counsel and had indicated in his motion that all documents had been prepared by prison law clerk, he had only ninth-grade education, he had no training in the law, and he lacked the skills necessary to participate in hearing); Gordon v. State, 529 So.2d 1129, 1130 (Fla. 5th DCA 1988) (holding that trial court's failure to consider appointing counsel for petitioner in evidentiary hearing was improper where record revealed petitioner's lack of education and sophistication, petitioner had limited participation in hearing, and "record indicates that there was `abundant doubt raised' concerning Gordon's need for the assistance of counsel").
As demonstrated by the facts set forth above concerning the course of the evidentiary hearing, Johnson's lack of education and lack of sophistication indicate that he was unable to meet the technical requirements of going forward with the burden of proving his allegation of ineffective assistance of counsel. Johnson's 3.850 motion indicates that he was 14 years old at the time he entered his plea. Indeed, Johnson's inability to articulate his position is demonstrated by his statement, in response to the court's question, that his counsel refused to "represent," rather than interview, the co-defendants. Like the petitioners in Williams, Davis, and Witherspoon, Johnson failed to produce any expert witness that may have been helpful in proving his claim. Further, like the petitioner in Rogers, Johnson made the following assertions in his motion for appointment of counsel:
Defendant asserts that he lacks legal knowledge, education, and the sophistication required to establish his claim by a preponderance of evidence, defendant does not know how to present the testimony of witnesses on direct examination or to elicit answers from witnesses on cross-examination. Plainly, defendant is not equipped or prepared to represent himself in adversarial proceeding. Furthermore, defendant has been assisted by inmate law clerks during the pendency of this claim. As such, defendant is unfamiliar with the legal ramifications of his claim.
In addition, although the circuit court concluded that it would have been "an impossibility or impracticality" for Johnson's counsel to interview co-defendants whose cases were pending, the record of the hearing demonstrates that neither Thompson nor McMullen had cases pending at the time Johnson entered his plea. Thus, abundant doubt appears in the record concerning Johnson's need for the assistance of counsel and, as in the cases cited above, that doubt should have been resolved in his favor.
The State offers section 924.051(9), Florida Statutes (Supp.1996), as authority for the proposition that the circuit court was legally precluded from appointing Johnson counsel at the evidentiary hearing. Although section 924.051(9) provides that "[f]unds, resources, or employees of this state or its political subdivisions may not be used, directly or indirectly, in appellate or collateral proceedings unless the use is constitutionally or statutorily mandated," the statute apparently does not prohibit the circuit court from appointing counsel if the test set forth in Graham is satisfied. See Russo v. Akers, 701 So.2d 366, 367 (Fla. 5th DCA 1997) (rejecting argument that section 924.051(9) prohibits use of public defender in collateral proceeding and holding that trial court did not depart from essential requirements of law in appointing public defender to represent indigent defendant in evidentiary hearing on 3.850 motion where trial court had determined counsel was necessary under Graham); see also Graham, 372 So.2d at 1366 ("[T]here is no constitutional requirement for the appointment of counsel for an application for post-conviction relief until a colorable or justiciable issue or meritorious *117 grievance prima facially appears in the appellant's petition." (emphasis added)). Accordingly, because we find that Johnson has satisfied the test set forth in Graham, we REVERSE and REMAND this case with directions that the circuit court appoint counsel to assist Johnson at a new evidentiary hearing.
MINER and WEBSTER, JJ., concur.