754 So.2d 175 (2000)
Reginald Alvin FLORENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-170.
District Court of Appeal of Florida, First District.
March 31, 2000.
*176 Jennifer Mary Zedalis, Gainesville, for Appellant.
Robert A. Butterworth, Attorney General; Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Reginald Alvin Florence filed a motion for post-conviction relief alleging his trial counsel had been ineffective for six reasons. The trial court issued an order denying relief on three of the grounds summarily and attaching portions of the record to refute Mr. Florence's allegations as to those grounds. He does not challenge summary denial on those grounds on appeal and consequently we do not address them here.[*]
As to the remaining three grounds, the trial court ordered an evidentiary hearing, but denied Mr. Florence's motion that he be appointed counsel for this hearing. Mr. Florence appeals the trial court's decision not to appoint counsel and alleges that, without counsel, he was unable to present his case effectively at the hearing. We agree and reverse.
In deciding whether to appoint counsel for a post-conviction hearing, a court should examine four factors: 1) the adversary nature of the proceeding; 2) the proceeding's complexity; 3) the need for an evidentiary hearing; or, 4) the need for substantial research. See Graham v. State, 372 So.2d 1363, 1366 (Fla.1979). Recognition of the need for an evidentiary hearing in itself recognizes that three of the four elements are present. See Williams v. State, 472 So.2d 738, 740 (Fla. 1985); Rogers v. State, 702 So.2d 607, 609 (Fla. 1st DCA 1997). Though need for an evidentiary hearing does not automatically mandate the appointment of counsel, any doubt must be resolved in favor of the defendant. See Williams, 472 So.2d at 740.
Here Mr. Florence was unable to present his case properly on the remaining three grounds of his motion without the appointment of counsel. See Williams, 472 So.2d at 740 (finding that appointment of counsel is necessary where the defendant's "lack of education and lack of sophistication make clear that he was unable to meet the technical requirements of going forward with the burden of proving his initial allegations, irrespective of the merits of those allegations"). He appeared for the hearing without a copy of his motion or the trial transcript. No subpoenas issued for any of the witnesses his motion faulted trial counsel for failure to call. His assertions of limited education and of generally being at a loss without the "law clerk" who drafted his motion were borne out by the conduct of the hearing. We reverse the order denying the remaining three grounds of Mr. Florence's motion and remand to the trial court for a new hearing after counsel has been appointed.
ERVIN, BOOTH, and BENTON, JJ., CONCUR.
NOTES
[*] Mr. Florence also attempted to amend his motion with a seventh ground after his evidentiary hearing but he does not argue this additional ground on appeal.