PER CURIAM.
Appellant, Frankel Belizaire, appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. He alleges two claims of ineffective assistance of trial counsel. As to his first claim, the trial court summarily denied relief on his allegation that counsel rendered ineffective assistance at the plea conference and the *893 sentencing hearing. The trial court attached the portions of the record that refute his allegations as to this claim. Beli-zaire does not challenge this summary denial on appeal and consequently we do not address it here.
In his second claim, Belizaire alleged his trial counsel was ineffective for misadvis-ing him about the length of his sentence. The trial court ordered an evidentiary hearing on this claim, appointed Belizaire a Creole interpreter, but did not appoint counsel for Belizaire.[1] On appeal, Beli-zaire contends the trial court erred when it failed to appoint counsel to represent him at the evidentiary hearing. He argues that, without counsel, he was unable to present his case effectively at the hearing. We agree and reverse.
In deciding whether to appoint counsel for a postconviction hearing, a court should examine four factors: 1) the adversary nature of the proceeding; 2) the proceeding’s complexity; 3) the need for an evidentiary hearing; or, 4) the need for substantial research. See, Graham v. State, 372 So.2d 1363, 1366 (Fla.1979). Recognizing the need for an evidentiary hearing in itself recognizes that three of the four elements are present. See Williams v. State, 472 So.2d 738, 740 (Fla.1985); Rogers v. State, 702 So.2d 607, 609 (Fla. 1st DCA 1997). Although the need for an evidentiary hearing does not automatically mandate the appointment of counsel, any doubt must be resolved in favor of the defendant. See Williams, 472 So.2d at 740.
In the present case, as in two of our previous cases, Witherspoon v. State, 634 So.2d 208 (Fla. 4th DCA 1994) and Davis v. State, 499 So.2d 24 (Fla. 4th DCA 1986), where we held that the appellants were entitled to new evidentiary hearings with appointed counsel, there is little information concerning Belizaire’s education and ability to represent himself in an adversarial proceeding. Although the trial court did not conduct a hearing on Beli-zaire’s motion for appointment of counsel, the record of his petition to enter plea of no contest shows that Belizaire has a third-grade education and is unable to read. As evidenced by the trial court’s decision to appoint a Creole interpreter for the evidentiary, hearing, Belizaire also lacked proficiency with the English language.
The record shows that Belizaire failed to both ask the trial court to hold a hearing on his motion for appointment of counsel and to request a written ruling. His cross-examination of his former lawyer was conducted less like a inquiry and more like a conversation. During the cross-examination, Belizaire constantly interjected rebuttal, yet failed to dó so when he testified. And like Witherspoon and Davis, Belizaire did not present any expert testimony concerning the competency of the defense furnished by his counsel. See Witherspoon, 634 So.2d at 209; Davis, 499 So.2d at 25.
We hold that Belizaire was unable to present his case properly without appointed counsel, and we reverse the order denying Belizaire’s second claim of ineffective assistance of counsel. We remand this cause to the trial court for a new eviden-tiary hearing after counsel has been appointed. See Williams, 472 So.2d at 740 (determining that appointment of counsel is necessary where the defendant’s “lack of education and lack of sophistication make clear that he was unable to meet the technical requirements of going forward with the burden of proving his initial allegations, irrespective of the merits of those allegations”).
REVERSED and REMANDED.
DELL and GROSS, JJ., concur. WARNER, C.J., dissents with opinion.

. It appears that the trial court never actually ruled on Belizaire’s motion for appointment of counsel; thus, the denial of his motion is presumed since no hearing was held on his motion and no counsel was appointed to represent him at his hearing.