807 So.2d 94 (2002)
Raymond E. WHEELER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-128.
District Court of Appeal of Florida, First District.
January 15, 2002.
Rehearing Denied February 19, 2002.
*95 Appellant, pro se.
Robert A. Butterworth, Attorney General and Elizabeth Fletcher Duffy, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PADOVANO, J.
This is an appeal from a final order denying a postconviction motion under rule 3.850 of the Florida Rules of Criminal Procedure. The defendant presents four major points on appeal, but we address only his argument that the circuit court erred in failing to appoint counsel. We conclude that the defendant's request for counsel was untimely in that it was made for the first time after the start of the evidentiary hearing. The defendant has not shown that the circuit court erred in *96 any other respect in denying postconviction relief. Therefore, we affirm.
The defendant, Raymond E. Wheeler, was convicted of sexual battery and kidnaping and sentenced to a total of nineteen years in the Department of Corrections followed by twenty years of probation. He filed an appeal to this court, but his convictions and sentences were affirmed. Wheeler v. State, 706 So.2d 295 (Fla. 1st DCA 1998). Subsequently, on January 25, 1999, the defendant moved to vacate the judgment pursuant to rule 3.850. Among other claims asserted in the motion, the defendant maintained that he did not receive effective assistance of counsel at trial. In support of this claim, the defendant listed twenty-nine instances of alleged ineffective assistance. The state acknowledged that the motion would require an evidentiary hearing, and the court scheduled the hearing for November 4, 1999.
In the months before the hearing, the defendant filed a series of pro se motions on preliminary matters. He submitted a motion for enlargement of the time the court had allotted for the evidentiary hearing, a motion for the issuance of subpoenas for defense witnesses, and a motion for a protective order to restrict the state's contact with the defense witnesses. However, the defendant did not request the appointment counsel in connection with the postconviction motion.
The evidentiary hearing was held as scheduled, and the assistant state attorney called the defendant's trial lawyer as a witness. The lawyer explained his trial strategy and answered questions about the defendant's allegations of ineffectiveness. The judge then offered the defendant an opportunity to cross-examine his trial lawyer. At that point, however, the defendant requested the appointment of counsel for the remaining portion of the evidentiary hearing. The defendant acknowledged that he had not previously asked for counsel in connection with his postconviction motion, but explained that he thought the court would appoint a lawyer as a matter of course, particularly in a case involving complex issues. The trial judge declined to appoint counsel and the hearing proceeded to a conclusion. After the hearing, the judge entered an order denying the postconviction motion and the defendant filed a timely appeal to this court.
We begin by analyzing the nature of the issue and identifying the applicable standard of review. A criminal defendant does not have an absolute constitutional right to appointed counsel for the purpose of asserting a postconviction claim. Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); Spalding v. Dugger, 526 So.2d 71 (Fla.1988); Zambuto v. Palm Beach County, 804 So.2d 355 (Fla. 4th DCA 2001). The Florida Legislature has created a statutory right to counsel in such cases, but it applies only to defendants who have been sentenced to death. See § 27.702, Fla.Stat. (2001); Elam v. State, 689 So.2d 1232 (Fla. 5th DCA 1997). In noncapital cases, the decision to appoint counsel for a defendant asserting a postconviction claim is discretionary with the trial court. Graham v. State, 372 So.2d 1363 (Fla.1979). It follows that an order denying a motion to appoint postconviction counsel in a noncapital case is reviewable by the abuse of discretion standard.
In deciding whether to appoint counsel for an indigent defendant filing a postconviction motion, the trial court should consider: (1) the adversary nature of the proceeding; (2) its complexity; (3) the need for an evidentiary hearing and; (4) the need for substantial legal research. Graham, 372 So.2d at 1366; Williams v. State, 472 So.2d 738, 740 (Fla.1985); Florence *97 v. State, 754 So.2d 175, 176 (Fla. 1st DCA 2000); Johnson v. State, 711 So.2d 112, 115 (Fla. 1st DCA 1998). The trial court is more likely to appoint counsel if the motion will be set for an evidentiary hearing, but the scheduling of a hearing does not invariably require the appointment of counsel. See Williams, 472 So.2d at 740. Many routine factual disputes can be resolved without the assistance of counsel. See, e.g., Rivero v. State, 796 So.2d 633 (Fla. 3d DCA 2001).
Although the trial court may consider the need for postconviction counsel on its own, the decision to appoint counsel is not one that is made as a matter of course as it is at trial and on appeal. If the defendant does not raise the issue by requesting appointed counsel, the trial court will have no occasion to consider the elements listed in the Graham opinion. Instead, the court might assume that the motion does not warrant the appointment of counsel or that the defendant would prefer to proceed without counsel.
As a practical matter, the request for counsel must be made early in the course of the proceeding. The standard established in Graham was meant to be applied within a reasonable time before the hearing. It would make little sense to evaluate the need for appointed counsel after the hearing is underway. At that point, the trial judge would be required to continue the hearing so that the appointed lawyer would have an adequate opportunity to prepare. Moreover, the defendant would have to be transported back and forth. Precious time and resources would be wasted only to accommodate a request that could have been made much earlier.
Errors in the application of the Graham standard usually occur in the context of a timely request for counsel. For example, in Williams, the defendant requested an appointed lawyer before the trial court determined the need for an evidentiary hearing. 472 So.2d at 739. Likewise, in Florence, the motion for appointment of counsel was pending at the time the court ordered a hearing. 754 So.2d at 176. Still other cases involve a request for counsel before the hearing was ordered or at least a reasonable time before the hearing was scheduled to take place. See Johnson, 711 So.2d at 113; Rogers v. State, 702 So.2d 607, 608 (Fla. 1st DCA 1997); Belizaire v. State, 765 So.2d 892, 893 (Fla. 4th DCA 2000); Witherspoon v. State, 634 So.2d 208, 209 (Fla. 4th DCA 1994). In these cases, the appellate courts were not evaluating the need for appointed counsel in the abstract, but rather the correctness of the trial court's response to a timely request for counsel.
The trial court may be required to grant an oral request for the appointment of counsel when it has been made for the first time at an evidentiary hearing, but this should be the exception and not the rule. The few reversals in this category involve serious errors relating to the defendant's entitlement to counsel. For instance, in Bing v. State, 745 So.2d 1028 (Fla. 1st DCA 1999), the trial court mistakenly concluded that an indigent defendant can never be entitled to appointed counsel in a postconviction proceeding. Similarly, in Davis v. State, 499 So.2d 24 (Fla. 4th DCA 1986), the court was concerned about the fact that the decision had not been made according to the standards set in the Graham decision. The requests for counsel were untimely in Bing and Davis, but in each of these cases, the court was attempting to correct a more basic misunderstanding about the nature of the right at issue.
We find no abuse of discretion in the denial of the defendant's request for appointed counsel in the present case. *98 The defendant could easily have requested counsel at an earlier stage of the proceeding. He sought to address many other preliminary matters by filing pre-hearing motions on his own behalf. Moreover, we have no compelling reason to reverse the trial court's decision in the absence of a timely request for counsel. The case involved numerous claims of ineffective assistance of trial counsel, but most of them were facially insufficient claims that could have been denied without a hearing. All of the claims that were addressed during the hearing involved simple factual issues the defendant could adequately address on his own. None of the issues required extensive legal research.
For these reasons, we conclude that the trial court properly exercised its discretion in denying the defendant's request for appointed counsel. Because the defendant has not shown that the trial court committed error in any other respect, we affirm the denial of his postconviction motion.
Affirmed.
BOOTH and WEBSTER, J.J., concur.