PER CURIAM.
This is an appeal from a final order denying a postconviction motion under rule 3.850 of the Florida Rules of Criminal Procedure, following an evidentiary hearing. The motion raised substantive claims of misadvice as to the possible sentences and ineffective assistance of counsel for failure to investigate alibi witnesses. The defendant, Thomas Osborne, filed a timely and facially sufficient motion for appointment of counsel several weeks before the evidentiary hearing, and the trial court denied the request. We conclude that the trial court abused its discretion in denying the motion for appointment of counsel.
We are unable to find any significant difference between the present case and Williams v. State, 472 So.2d 738 (Fla.1985) or Rogers v. State, 702 So.2d 607 (Fla. 1st DCA 1997), review denied, 717 So.2d 538 (Fla.1998). Although counsel need not be appointed every time an evidentiary hearing is held, any doubt as to the need for counsel must be resolved in favor of the defendant. See Williams, 472 So.2d at 740. The record demonstrates that there was abundant doubt about the need for counsel in the present case, and therefore the trial court should have granted the motion for appointment of counsel below.
The defendant’s substantive claims of misadvice as to the possible sentences and ineffective assistance of counsel for failure to investigate alibi witness Bertha Osborne are facially sufficient. The claim as to the remaining alibi witnesses from the defendant’s church, however, is facially insufficient. The motion claims that these witnesses could testify to the defendant’s whereabouts on a night other than the night of the crimes. As such, the attorney’s performance cannot be considered ineffective for failure to investigate these witnesses.
Accordingly, we affirm the order as to the claim of ineffective assistance as it relates to the church alibi witnesses. We reverse and remand for appointment of counsel and a new evidentiary hearing on the defendant’s remaining claims of misad-vice as to the possible sentences and ineffective assistance of counsel for failure to investigate alibi witness Bertha Osborne. See Jones v. State, 770 So.2d 216 (Fla. 1st DCA 2000).
Affirmed in part, reversed in part, and remanded.
VAN NORTWICK, PADOVANO and HAWKES, JJ., Concur.