916 So.2d 997 (2005)
Steven Wayne GANOTE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1396.
District Court of Appeal of Florida, Second District.
December 28, 2005.
*998 John E. Swisher, St. Petersburg, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Steven Wayne Ganote appeals an order denying his motion for postconviction relief entered after an evidentiary hearing on three of the eight grounds raised in the motion. Mr. Ganote filed a motion to appoint counsel prior to the evidentiary hearing, but the trial court did not grant the motion. Mr. Ganote was required to represent himself at the evidentiary hearing. Because the issue raised in ground 7 of Mr. Ganote's motion was complex and Mr. Ganote was unable to adequately represent himself in this respect, we reverse that portion of the order denying ground 7 and remand for a new evidentiary hearing on that ground, with instructions that the court appoint counsel to represent Mr. Ganote at that hearing.
In March 2001, Mr. Ganote was convicted of capital sexual battery for events occurring between 1990 and 1994. The judgment and sentence were affirmed on appeal. Mr. Ganote thereafter filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising eight grounds. The circuit court summarily denied five of the grounds, and we affirm that determination without further comment. The circuit court granted an evidentiary hearing on grounds 5, 7, and 8. At the evidentiary hearing, however, Mr. Ganote appeared and was required to proceed pro se.
Grounds 5 and 8 of Mr. Ganote's motion alleged that Mr. Ganote's trial counsel was ineffective in failing to bring to the trial court's attention (1) a juror who was sleeping during the trial and (2) allegations that a friend of Mr. Ganote had observed a juror speaking with the prosecutor during the trial. Mr. Ganote called witnesses and presented evidence at the hearing in support of these allegations. The State presented evidence rebutting Mr. Ganote's claims. There is no indication that Mr. Ganote had any other evidence to present as to these claims. As to grounds 5 and 8, therefore, we find no abuse of discretion in the trial court's decision to deny Mr. Ganote's request for counsel. Further, we affirm the trial court's denial of these claims on their merit without further discussion.
As to ground 7 of Mr. Ganote's postconviction motion, however, a different result is required. Ground 7 alleged that Mr. Ganote's trial counsel was ineffective for failing to investigate and obtain certain medical records of the victim. According to Mr. Ganote, there are medical records of the victim located in another state which would have altered the result of his trial. Mr. Ganote detailed what he believes these records include. Without revealing the details of these personal medical records in this opinion, suffice it to say that the medical records would have rebutted key elements of the victim's allegations against Mr. Ganote. Mr. Ganote alleged that he informed his trial counsel about these records but that trial counsel did not act on the information.
At the evidentiary hearing, Mr. Ganote attempted to prove that these records existed. However, Mr. Ganote was unfamiliar with the rules of procedure or evidence and struggled in attempting to represent *999 himself. Mr. Ganote expressed confusion over how he could seek to obtain the records in order to prove their existence. Mr. Ganote alleged that certain witnesses could verify the existence of the exculpatory medical records, but he did not understand that those witnesses needed to be subpoenaed to appear and testify at the hearing. Mr. Ganote had asked a detective who worked on the case to appear at the hearing, but Mr. Ganote had not subpoenaed the detective and thus the detective did not appear. Additionally, Mr. Ganote did not realize that he had to formally call himself to testify to those facts within his personal knowledge, and thus, he failed to present even his own testimony in this regard.
In deciding whether to appoint counsel for defendants in collateral proceedings for postconviction relief, the postconviction court must consider four factors: the adversary nature of the proceeding; its complexity; the need for an evidentiary hearing; or the need for substantial legal research. These "are all important elements which may require the appointment of counsel." Williams v. State, 472 So.2d 738, 740 (Fla.1985) (citing Graham v. State, 372 So.2d 1363, 1366 (Fla.1979)). The determination that an evidentiary hearing is necessary implies that the first three of these elements are involved. Id. Any doubt about the need for counsel must be resolved in favor of the indigent defendant. Id. (citing Hooks v. State, 253 So.2d 424 (Fla.1971)). Although the need for an evidentiary hearing in postconviction matters does not automatically require appointment of counsel, the trial judge's discretion regarding the appointment of counsel must be exercised in accordance with these principles. Williams, 472 So.2d at 739.
Because ground 7 of Mr. Ganote's motion raised a colorable and complex claim that required an adversarial evidentiary hearing, Mr. Ganote was entitled to appointed counsel to represent him at that hearing and it was an abuse of discretion to refuse his request for appointed counsel. See Johnson v. State, 711 So.2d 112, 115-16 (Fla. 1st DCA 1998); Rogers v. State, 702 So.2d 607, 608 (Fla. 1st DCA 1997); see also Jackson v. State, 908 So.2d 1183 (Fla. 2d DCA 2005); Lee v. State, 801 So.2d 1022 (Fla. 2d DCA 2001). We therefore reverse that portion of the order on appeal denying Mr. Ganote relief based upon ground 7 and remand for a new evidentiary hearing, with instructions that counsel be appointed to represent Mr. Ganote at this hearing. In all other respects, we affirm the order denying postconviction relief.
Affirmed in part, reversed in part, and remanded with instructions.
WHATLEY and DAVIS, JJ., Concur.