JACOBUS, J.
 

 Frank Seavey timely appeals the final order denying his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. For reasons we will explain, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 

 Seavey was convicted by a jury of aggravated battery of a pregnant person and false imprisonment. After his direct appeal was per curiam affirmed by this court,
 
 Seavey v. State,
 
 942 So.2d 897 (Fla. 5th DCA 2006),
 
 [1]
 
 he timely filed a motion for postconviction relief. In that motion, Seavey claimed his attorney was ineffective because she failed to: (1) conduct an adequate pretrial investigation into whether the victim was pregnant at the time of the battery; (2) request a
 
 Frye
 

 [2]
 

 hearing regarding the victim’s pregnancy test; (3) move for a judgment of acquittal on the crime of aggravated battery on a pregnant person; (4) object to certain jury instructions; and (5) move to quash Count II of the amended information, which did not allege a victim of the crime of false imprisonment. The lower court granted an evi-dentiary hearing on Seavey’s first claim, but summarily denied the remaining four claims. The court also denied Seavey’s motions requesting appointment of counsel. After holding an evidentiary hearing on ground one, the lower court denied his claim.
 

 We conclude that the summary denial of grounds two, three and five of Seavey’s postconviction motion was proper, but ground four should not have been summarily denied. We also find that this is a case in which the appointment of postcon-viction counsel should have been granted.
 

 Ground four of Seavey’s postcon-viction motion, in which he asserted counsel was ineffective for failing to object to two improper jury instructions, was a facially sufficient claim. The first part of this claim — which was based on an allegation that the jury was not instructed on the lesser-included offense of simple battery — was conclusively refuted by the record and was properly denied. However, the second part of this claim, regarding the false imprisonment instruction, was not refuted by the record. In fact, the record confirms that the jury instruction given on
 
 *980
 
 false imprisonment was incomplete. To establish the crime of false imprisonment, the state is required to prove two elements beyond a reasonable doubt: (1) the defendant forcibly, secretly, or by threat confined, abducted, imprisoned or restrained the victim against his or her will; and (2) the defendant had no lawful authority to do so. § 787.02(l)(a), Fla. Stat. (2006); Fla. Std. Jury Instr. (Crim.) 9.2. The instruction given in Seavey’s case omitted the portion requiring that the offense be committed “forcibly, secretly, or by threat.” The failure to give a complete or accurate jury instruction constitutes fundamental error if the omission is pertinent or material to what the jury must consider in order to convict.
 
 State v. Delva,
 
 575 So.2d 643, 645 (Fla.1991). In summarily denying postconviction relief,, the lower court concluded the omission was not material to what the jury had to consider in order to convict Seavey. The documents attached to the summary denial, however, do not reveal which elements were in dispute at trial. They therefore do not conclusively refute Seavey’s claim that counsel was ineffective for failing to object to the incomplete instruction on false imprisonment. The matter is remanded to attach the documents that refute Seavey’s claim, or grant an evidentiary hearing.
 

 It seems apparent to us from the record in this case that.Seavey should have received the assistance of postconviction counsel at the evidentiary hearing on his fust claim. Seavey was clearly unaware of rudimentary legal procedure, including that he carried the burden of proof and needed to present evidence to support his claims. He reads at a third-grade level and functions at a fombh-grade level. His lack of understanding caused his claim to quickly fail for lack of evidence. For these reasons, it was error to deny Seavey’s request for legal representation at the hearing.
 
 See Williams v. State,
 
 472 So.2d 738 (Fla.1985);
 
 Graham v. State,
 
 372 So.2d 1363 (Fla.1979).
 

 In conclusion, we affirm the summary denial of grounds two, three and five of Seavey’s postconviction, motion. We reverse the denial of ground one and we remand for a new evidentiary hearing on that claim. We reverse the summary denial of ground four with instructions that the trial court either attach records to conclusively l-efute the claim or grant an evidentiary hearing. We direct the lower court to appoint postconviction counsel to represent Seavey at that evidentiary hearing.
 

 AFFIRMED in part; REVERSED in part; and REMANDED with directions.
 

 TORPY and EVANDER, JJ., concur.
 

 [1]
 

 . Seavey’s direct appeal was an
 
 Anders
 
 appeal.
 
 See Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
 

 [2]
 

 .
 
 Frye v. United States,
 
 293 F. 1013 (D.C.Cir.1923).