IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOHN ANTHONY
MARICEVICH,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5362

_____/

Opinion filed February 16, 2016.

An appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

John Anthony Maricevich, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Kathryn Lane, Assistant Attorney General,
Tallahassee, for Appellee.

WOLF, J.

      Appellant challenges the denial of his amended motion filed pursuant to Florida Rule of Criminal Procedure 3.850, which the court denied following an evidentiary hearing. He raises several issues, including that the trial court abused its discretion in denying his motion to appoint counsel. We agree. The record reflects

that appellant is illiterate and has only a third-grade education. He raised complex issues pursuant to <u>Alcorn v. State</u>, 121 So. 3d 419 (Fla. 2013), alleging he failed to enter a plea because he was affirmatively misadvised as to the collateral consequences of that plea. Based on the record before us and the complexity of the issues involved, we find the trial court abused its discretion in failing to grant appellant's motion to appoint counsel. <u>See</u> <u>Williams v. State</u>, 472 So. 2d 738, 740 (Fla. 1985) (finding a trial court abused its discretion in denying a motion for counsel for a postconviction hearing where the petitioner was semi-literate, had only a second-grade education, and raised a colorable claim that required an evidentiary hearing).

We reverse the order denying the amended postconviction motion and remand to the trial court for a new hearing after counsel has been appointed.

REVERSED and REMANDED.

BILBREY and WINOKUR, JJ., CONCUR.