IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DANIEL CHAVEZ,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5123

_____/

Opinion filed May 6, 2016.

An appeal from the Circuit Court for Wakulla County.
Charles W. Dodson, Judge.

Daniel Chavez, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Thomas H. Duffy, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

In this appeal from the denial of his motion for postconviction relief, appellant

asserts that the trial court abused its discretion by not appointing counsel to represent

him at the evidentiary hearing on his claim of ineffective assistance of counsel.  We

agree that the trial court should have appointed postconviction counsel in light of

appellant's lack of education, inability to speak English, history of mental illness, and inability to participate in the hearing in any meaningful way.  See Williams v. State, 472 So. 2d 738, 740 (Fla. 1985) (holding that the trial court should have appointed postconviction counsel where defendant had the equivalent of a second-grade education, was at best semiliterate, was totally unsophisticated about court procedures, and was unable to properly present his case at the evidentiary hearing); Belizaire v. State, 765 So. 2d 892, 893 (Fla. 4th DCA 2000) (holding that defendant was entitled to have postconviction counsel appointed for the evidentiary hearing where defendant had a third-grade education, was unable to read, lacked proficiency with the English language, and was unable to present his case properly without appointment of counsel); Johnson v. State, 711 So. 2d 112, 116 (Fla. 1st DCA 1998) (holding that defendant was entitled to the appointment of postconviction counsel for the evidentiary hearing where defendant was unable to articulate his position and his lack of education and sophistication indicated that he was unable to meet the technical requirements of going forward with the burden of proving his allegations); Rogers v. State, 702 So. 2d 607, 608-09 (Fla. 1st DCA 1997) (holding that the trial court abused its discretion by not appointing postconviction counsel for defendant at the evidentiary hearing where defendant had only a ninth grade education, had no training in the law, and lacked the skills

2

necessary to participate in the hearing). Accordingly, we reverse and remand for a new evidentiary hearing after counsel is appointed for appellant.

REVERSED and REMANDED.


RAY, BILBREY, and JAY, JJ., CONCUR.