CLARK, J.
D’Andre Plummer appeals the denial of his motion for postconviction relief under rule 3.850, Florida Rules of Criminal Procedure. Appellant was convicted, after jury trial, of aggravated battery on a pregnant victim, and sentenced as a Prison Release Reoffender (“PRR”) to 15 years incarceration. See § 775.082(9)(b), Fla. Stat. The judgment and sentence were affirmed on direct appeal. Plummer v. State, 43 So.3d 697 (Fla. 1st DCA 2010).
Appellant asserted in his motion for postconviction relief that: 1) defense counsel was ineffective for failure to call a requested witness (the victim) to testify at the sentencing hearing; 2) the sentence was illegal because the mandatory term of the PRR sentence did not comport with the sentence orally pronounced; and 3) defense counsel was ineffective for failing to convey a plea offer to Appellant.
*465 The trial court denied grounds one and two without an evidentiary hearing and attached portions of the record conclusively showing that Appellant was entitled to no relief. See Fla. R.Crim. P. 3.850(d); Fla. R.App. P. 9.141(b)(2)(D). Having reviewed the order and attachments, we find that the trial court committed no error in denying these grounds and properly supported its ruling with portions of the record of the trial proceedings.
On ground three, the trial court conducted an evidentiary hearing which included testimony by defense counsel and by Appellant. Fla. R.Crim. P. 3.171(c)(2)(A). The testimony clearly refuted Appellant’s claim that counsel failed to convey the State’s plea offer of seven years. All parties agreed that the seven-year plea offer was discussed for weeks prior to trial, that Appellant counter-offered seeking a six-year agreement, and that the plea offer continued to be discussed among all concerned, including the court, until minutes before the jury returned its verdict. Even if Appellant’s assertion of counsel’s ineffectiveness is interpreted as a claim that counsel violated rule 3.171(c)(2)(B), Florida Rules of Criminal Procedure, by insufficiently advising Appellant of the particulars of the plea, in contrast to the consequences of rejecting the plea and accepting the jury’s verdict, the testimony during the evidentiary hearing and the transcript of the trial proceedings, where the judge clearly informed Appellant of the PRR sentence if the jury found him guilty, refuted this claim as well.
In addition to the trial court’s denial of his postconviction motion, Appellant challenges on appeal the trial court’s denial of his motion for appointment of counsel to represent him at the evidentiary hearing. Appellant has failed to show that the trial court abused its discretion by denying appointed counsel in this case. Wheeler v. State, 807 So.2d 94 (Fla. 1st DCA 2002).
For all the foregoing reasons, the trial court’s orders are AFFIRMED.
BENTON, C.J. and MAKAR, J., concur.